UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| GARRISON MUNICIPAL PARTNERS, LP | § § § § | Case No. 14-32867 (Chapter 7) |
| DEBTOR. | § § | |

**VERIFIED STATEMENT OF KYUNG S. LEE PURSUANT TO BANKRUPTCY RULE 2014(a), IN SUPPORT OF THE APPLICATION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY DIAMOND McCARTHY LLP AS GENERAL COUNSEL**

Kyung S. Lee, pursuant to Federal Rule of Bankruptcy Procedure 2014(a), makes this Verified Statement ("Verified Statement") in support of the Application for Authority to Employ Diamond McCarthy LLP as General Counsel to the Trustee (the "Application"), filed by Rodney D. Tow, Chapter 7 Trustee (the "Trustee"), for the Chapter 7 estate of Garrison Municipal Partners, LP (the "Debtor"):

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas and before the United States District Courts for the Southern, Eastern and Northern Districts of Texas. I am also duly admitted and in good standing to practice in the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York.

2. I am a partner with the firm of Diamond McCarthy LLP ("Diamond McCarthy" or the "Firm"), located at 909 Fannin, Suite 1500, Houston, Texas 77010. I make this Verified Statement in support of the Application authorizing the retention of the Firm as general counsel to the Trustee in this case.

EXHIBIT B

Page 1 of 6

3. Other than as set forth in paragraphs 5, 6 and 7 below, neither I, nor the Firm, nor any of its partners or associates, to the best of my knowledge, have any connection with the Trustee, the Debtor, creditors of the Debtor, any other party in interest set out in the Debtor's Schedule of Liabilities (the "Schedules") and Statement of Financial Affairs ("SOFA"), filed by the Debtor on or about May 22, 2014, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. Disclosure of any such future connections will be made to the Court.

4. Diamond McCarthy has performed a conflict inquiry predicated on a list comprised of the Trustee, Debtor, affiliates and principals of the Debtor, known creditors of the Debtor, and other known parties-in-interest. In conducting the conflict check, Diamond McCarthy used the names of the parties from the Debtor's Schedules and SOFA. Except for a connection disclosed below, Diamond McCarthy did not discover any conflicts that would prohibit Diamond McCarthy from representing the Trustee as general counsel in this case.

5. Diamond McCarthy has the following past and present connections to the Trustee. Unless otherwise noted, the cases assigned to Diamond McCarthy by the Trustee have concluded. Diamond McCarthy has represented the Trustee in the following matters unrelated to this case:

    a. Diamond McCarthy served as special counsel and proposed general counsel to Rodney Tow as the Chapter 7 trustee for the estates of Cyrus II L.P., Bahar Development, Inc. and Mondona Rafizadeh in In re Cyrus II L.P., et al. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 05-39857-H1-7.

    b. Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate of South Texas Wholesale Records and Tapes, Inc. in prosecuting adversary proceeding number 05-3171 against the CIT Group/Business Credit, Inc. asserting claims for breach of contract and usury in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 03-48096-H5-7.

    c. Diamond McCarthy served as special litigation counsel to Rodney Tow as

      the Chapter 7 trustee for the estate in the In re John Tullis Jones, III case, Case No. 04-33533-H2-7 in this Court, to prosecute adversary proceeding number 06-3255 seeking to recover property of the estate and fraudulent transfers against various family trusts related to the debtor.

    d.    Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate in In re Shanks Tritter & Associates, P.C., Case No. 00-31161-H4-7 in this Court, to recover property of the estate.

    e.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 trustee in the In re Links at West Fork case, Case No. 06-33688-H1-11 in this Court.

    f.    Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee in the Erwina and Bernardino Consunji case, Case No. 05-93516-H3-7 in this Court to advise and assist the Trustee in administering the assets of the Estate, including but not limited to, prosecution of the Estate's litigation claims against Scott K. Pagano, D.C. and Campbell Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center, Cause No. 2006-23838, pending in the 333rd Judicial District Court of Harris County, Texas.

    g.    Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee for the estate in In re 3120 Precinct Line Road, LLC case, Case No. 05-95001-H4-7 in this Court, to assist the Trustee in overseeing the administration of the Estate's assets, including but not limited to, the prosecution of the Estate's litigation claims against various third parties.

    h.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re Shama Sheikh case, Case No. 06-34079 in this Court, to assist the Trustee in overseeing the administration of the Estate's assets, including but not limited to, the prosecution of the Estate's litigation claims against various third parties and recovery of estate property.

    i.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re G.C. Medical Holdings, Inc. case, Case No. 06-35890 in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate.

    j.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the Royce Homes, LP case, Case No. 09-32467-H4-7, in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate. This assignment has not concluded.

  k. Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of David Henley and Belinda Henly, Case No. 11-33438, in this Court to advise and assist the Trustee in investigating and prosecuting claims against the transferees of fraudulent transfers from the Debtors.

  l. Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Charles R. Saden, Case No. 11-35051, in this Court to advise and assist the Trustee in disputes over the ownership and title to the major remaining assets of the estate, pending appeal of a suit between the debtor and the major creditor.

  m. Diamond McCarthy served as special litigation counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Hallmark Design Homes, LP, Case No. 09-38714, in this Court, to resolve control over property of the estate, including real estate and equity interests in operating businesses.

  n. Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estates of Northernstar Natural Gas, Inc. and Clearwater Port Holdings, LLC, Case No. 10-33856 and Case No. 10-33865, jointly administered under Case No. 10-33856 in this Court to advise and assist the Trustee in all matters affecting the Estates in connection with an appeal to the FERC order pending before the 9th Circuit Court of Appeals and all matters affecting the Estates in connection with the appeal to the LUBA order pending before the State of Oregon Court of Appeals. Except for awaiting filing of the Final Fee Application, the firm has concluded its representation of the Trustee on this matter.

  6. Diamond McCarthy also has a connection to BDO, USA LLP ("BDO"), a creditor scheduled by the Debtor on Schedule F and also a recipient of a payment in response to Question 3 on the Debtor's SOFA. Allan Diamond of the Firm is the Chapter 11 Trustee (the "Howrey Trustee") of the Howrey LLP bankruptcy case, Case No. 11-31376, pending before the United States Bankruptcy Court, Northern District of California, San Francisco Division. The Howrey Trustee has retained BDO to assist him in connection with the administration of that case. The firm cannot take a position adverse to BDO in this case. We have advised Rodney Tow of our connection and have asked him to carve us out of any work related to claims by and between this estate and BDO. The Trustee here does not oppose such approach and intends to hire special counsel to advise him on BDO matters and claims.

7.  Diamond McCarthy practices law in the insolvency related arena. Our practice includes insolvency related litigation. Consequently, Diamond McCarthy may have "connections" with attorneys and other professionals involved in the Debtor's case. Diamond McCarthy may have referred matters to other professionals involved in the Debtor's case and it may have been referred matters by such parties. Diamond McCarthy may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Debtor's case.

8.  Except as fully disclosed herein, neither I, nor the Firm, nor any of its partners or associates, insofar as I have been able to ascertain, represent any interest adverse to the Trustee in the matters upon which Diamond McCarthy is to be engaged. To the best of my knowledge, Diamond McCarthy is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9.  The Firm has advised the Trustee of its willingness to serve as general counsel to the Trustee and to accept compensation for professional services rendered and expenses incurred. Diamond McCarthy intends to bill for its legal services in this case in accordance with its usual practice, applying its customary hourly rates for matters of this type and charging for all disbursements and expenses customarily billed to its clients and necessarily incurred.

10. Diamond McCarthy does not have any agreement or understanding between it and any other entity for the sharing of compensation received or to be received for services rendered in connection with its representation of the Trustee in this case.

11. Accordingly, I believe that Diamond McCarthy is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure.

12. I declare that the foregoing statements are true, are based upon my personal knowledge, and are made under penalty of perjury under the laws of the United States.

Dated: June 5, 2014.

_____
Kyung S. Lee