

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**07/08/2014**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARRISON MUNICIPAL PARTNERS,** | § | **Case No. 14-32867** |
| **LP** | § | **(Chapter 7)** |
| | § | |
| **DEBTOR.** | § | |

### ORDER GRANTING TRUSTEE'S
### MOTION FOR AUTHORITY TO MONETIZE SECURITIES

Came on for consideration the Trustee's Motion For Authority to Monetize Securities and Request For Shortened Notice and Hearing (the "Motion") filed by Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of the Chapter 7 estate of Garrison Municipal Partners, L.P. (the "Debtor"), seeking, among other things, a shortened notice period and hearing date on the Motion, which this Court previously granted, and entry of an order authorizing the Trustee to monetize the Securities (hereinafter defined) in the Brokerage Accounts (hereinafter defined) owned by the Debtor, and providing for certain related relief; and it appearing to the Court that the shortened notice of time for creditors and parties-in-interest to object to the Motion and the hearing date on the Motion is appropriate notice under the circumstances of this case and as set out in the allegations in the Motion; and this Court having determined that the relief requested in the Motion is in the best interest of the Chapter 7 estate, its creditors and other parties-in-interest; and after due consideration of the pleadings and objections, if any filed, the evidence adduced at the hearing on the Motion and the reasons stated on the record at the hearing seeking approval of the Motion, accordingly:

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 157 and 1334.

B.     Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 363 and 704 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1 and 9013-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules") for the United States Bankruptcy Court for the Southern District of Texas (the "Court").

D.     Good and sufficient notice of the Motion and hearing on the Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this order has been afforded to those parties entitled to notice.

E.     The Debtor is the owner of two brokerage accounts (the "Brokerage Accounts"): (i) an account with Deutsche Bank Alex. Brown, account number xxx-xx3647, as described in the Schedules, and (ii) an account with Morgan Stanley Smith Barney LLC, account number xxx-xxxxx6-008 (together with Deutsche Bank Alex. Brown, the "Brokerage Firms").

F.     The Brokerage Accounts contain approximately two hundred different types of securities (the "Securities") that are comprised of (1) Municipal bonds, (2) Corporate Fixed Income Bonds, and, (3) USD Fixed Income Bonds, as described in Schedule B, Question 15.

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

2

According to the Schedules, the "Current" Value of all three categories of bonds as of the Petition Date is $8,310,510.50.

G.     The Brokerage Accounts have margin loans (the "Margin Loans") associated with them. As of the Petition Date, the Schedules state the combined Margin Loans in the Brokerage Accounts total $6,195,627.86.

H.     The Securities are subject to various market forces, including changes in the interest rate. The Trustee must have the authority to monetize the Securities in order to maximize value to the Chapter 7 estate and its creditors. Good cause exists to justify shortening the objection period to the relief requested in the Motion and conducting a hearing on the Motion on a shortened period and granting the Motion on shortened notice. Good cause also exists to waive the fourteen (14) day stay provision in Bankruptcy Rule 6004(h).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3.     The Trustee is authorized, but not directed, to monetize the Securities in the Brokerage Accounts in the time and manner as he deems reasonable in his business judgment.

4.     The Brokerage Firms are hereby authorized and directed to administer the Brokerage Accounts pursuant to the instructions of the Trustee and as otherwise administered in the usual and ordinary course of their business, and the Brokerage Firms are authorized to deduct from the Brokerage Accounts the Brokerage Firm's customary fees and expenses associated with the nature of the services rendered to the Trustee in connection with the administration of the Brokerage Accounts.

3

5.      The Brokerage Firms are hereby authorized to use available cash in the Brokerage Accounts, including the cash proceeds of the sale of the Securities, to satisfy the Margin Loans associated with the Brokerage Accounts.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry, notwithstanding Bankruptcy Rule 6004(h) or otherwise.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated this 8 day of July, 2014.

Karen K. Brown
United States Bankruptcy Judge

4