

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/27/2017

| | |
|---|---|
| In re: § | |
| § | |
| GARRISON MUNICIPAL PARTNERS, LP § | Case No. 14-32867 |
| § | (Chapter 7) |
| DEBTOR. § | |
| § | |

**STIPULATION AND ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION
UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT**

Rodney D. Tow, the Chapter 7 trustee (the "Trustee") of Garrison Municipal Partners L.P. (the "Debtor" or the "Partnership"), and Andrews Kurth Kenyon LLP ("Andrews Kurth")(collectively, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

WHEREAS, on May 22, 2014 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas; and

WHEREAS, after the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly-qualified and acting chapter 7 trustee of the Debtor's estate; and

WHEREAS, since his appointment, the Trustee has liquidated the Debtor's assets in accordance with the duties set out in Bankruptcy Code § 704(a)(1); and

WHEREAS, the Debtor is a limited partnership organized in February 2008 under the laws of Texas with the primary objective of investing in the municipal bond market; and

WHEREAS, CMG Advisors, LP d/b/a CMG Management, LP ("CMG") is the general partner of the Debtor pursuant to the Limited Partnership Agreement of the Debtor (the

1

"Partnership Agreement"), and Garrison Capital Management, LLC "(GCM") is the general partner of CMG; and

WHEREAS, certain limited partners/investors in the Partnership commenced a law suit entitled *J.P. Bryan and Margaret Vonder Hoya v. Garrison Municipal Partners, LP, CMG Management, LP, General Partner, and Charles Monroe Garrison*, Case No. 2013-63132, in the 164th Civil District Court of Harris County (the "Investor Suit"), alleging that Monroe Garrison placed the plaintiffs in unsuitable and illiquid investments and charged excessive management and performance fees; and

WHEREAS, Andrews Kurth was retained to defend the Partnership, CMG andGCM in the Investor Suit (the "Andrews Kurth Representation"); and

WHEREAS, the Debtor made pre-petition payments in the amount of $450,153.33 ("Pre-Petition Payments") to Andrews Kurth for services rendered in connection with the Investor Suit; and

WHEREAS, after the Petition Date, CMG, GCM, and Monroe Garrison (the "Claimants") filed Claims 7, 8, and 9, respectively, totaling $761,733.98 for legal fees incurred in defending against the Investor Suit; and

WHEREAS, the Claimants alleged that Claims 7, 8, and 9 should be allowed because the Claimants were entitled to be indemnified for legal expenses under the terms of the Partnership Agreement; and

WHEREAS, the Claimants assigned Claims 7, 8, and 9 to Andrews Kurth (the "Assigned Claims"), resulting in Andrews Kurth having a general unsecured claim in the amount of $761,733.98 against the estate of the Debtor; and

WHEREAS, the Trustee and Andrews Kurth have reconciled the Assigned Claims, and Andrews Kurth has agreed to reduce the Assigned Claims to the amount of two-hundred and seventy thousand dollars ($270,000.00); and

WHEREAS, the Trustee has agreed to release Andrews Kurth from any and all claims, including, but not limited to, all avoidance actions connected with the Pre-Petition Payments (the "Avoidance Actions") related to or arising out of the Andrews Kurth Representation; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to Bankruptcy Court approval, the Trustee and Andrews Kurth stipulate as follows:

1. Upon the Effective Date, the Assigned Claims shall be reduced and allowed against the Debtor's estate to the amount of two-hundred and seventy thousand dollars ($270,000.00) (the "Allowed Claim").

2. Upon the Effective Date, the Trustee and Debtor hereby releases and forever discharges Andrews Kurth and its predecessors, successors, subsidiaries, affiliates, officers, directors, employees, attorneys, insurers, agents, representatives and assigns, past, present or future, from any and all actions, causes of action, suits, debts, controversies, judgments, claims, demands, damages, costs, liens and liabilities whatsoever in law or equity, known or unknown, existing or hereafter arising, including, but not limited, Avoidance Actions related to or arising out of the Andrews Kurth Representation.

3. Upon the Effective Date, except for the obligations set forth in this Stipulation and Order and the Allowed Claim, Andrews Kurth hereby releases and forever discharges the Debtor and the Trustee and each of its/his predecessors, successors, subsidiaries, affiliates, officers, directors, employees, attorneys, insurers, agents, representatives and assigns, past,

present or future, from any and all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, that Andrews Kurth ever had, now has, or hereafter may have, related to or arising out of the Andrews Kurth Representation, other than the Allowed Claim.

4. Upon the Effective Date, Claims 7, 8, and 9 shall be disallowed and, except for the Allowed Claim, Andrews Kurth shall have no other claims against the Debtor's estate.

5. Each Party represents and warrants that it has had an opportunity to review fully the provisions of this Stipulation as a result of which the Parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting Party shall not apply to the interpretation of this Stipulation, and (b) each Party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

6. This Stipulation shall be binding upon the Parties hereto and their respective successors and assigns from the date of its execution, but is subject to and contingent upon the Bankruptcy Court's entry of an Order approving this Stipulation, and shall be of no further force and effect if not approved by a final non-appealable Order of the Bankruptcy Court.

7. Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall perform any and all acts reasonably necessary or appropriate in conjunction with the performance of their obligations hereunder.

8. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation constitutes a valid, binding agreement in accordance with its terms.

9. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument. All executed copies are duplicate originals equally admissible in evidence in the event an action to interpret or enforce this Stipulation is hereafter brought. Facsimile or scanned signatures shall be acceptable as original signatures in executing this Stipulation.

10. This Stipulation constitutes the full agreement of the Parties hereto with respect to its subject matter and supersedes all prior agreements, conversations, negotiations and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of each of the Parties hereto.

11. Nothing in this Stipulation shall be deemed an admission of any kind by either Party hereto nor shall this Stipulation be admissible for any purpose in any litigation or proceeding. The terms of this paragraph 11 shall survive in the event this Stipulation is not approved by the Court.

12. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

Dated: February 27, 2017
      Houston, Texas

| **AGREED AND STIPULATED TO:** | **AGREED AND STIPULATED TO:** |
|---|---|
| DIAMOND McCARTHY LLP | ANDREWS KURTH KENYON LLP |
| */s/ Charles M. Rubio* | */s/ Joseph P. Rovira* |
| Kyung S. Lee | Greg Waller |
| State Bar No. 12128400 | State Bar No. 00794813 |
| Charles M. Rubio | Kelly Sandill |
| State Bar No. 24083768 | State Bar No. 24033094 |
| Diamond McCarthy, LLP | Joseph P. Rovira |
| 909 Fannin Street, 15th Floor | State Bar No. 24066008 |
| Two Houston Center | Andrews Kurth LLP |
| Houston, Texas 77010 | 600 Travis Street, Suite 4200 |
| Telephone: (713) 333-5100 | Houston, Texas 77002 |
| Facsimile: (713) 333-5195 | Telephone: (713) 220-4200 |
| | Facsimile: (713) 220-4285 |
| COUNSEL TO RODNEY D. TOW, TRUSTEE OF GARRISON MUNICIPAL PARTNERS, L.P. | |

**SO ORDERED**, on this April 26, 2017

*(signature)*

KAREN K BROWN
United States Bankruptcy Judge