

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

ENTERED
05/04/2017

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARRISON MUNICIPAL PARTNERS, LP | § | Case No. 14-32867 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| | § | |

## ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT

Upon the motion (the "Motion") of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of Garrison Municipal Partners L.P. (the "Debtor") for entry of an order (this "Order"), (a) approving the Trustee's entry into the Settlement Agreement with the Investor Plaintiffs[1] and LaPorte (Trustee, Investor Plaintiffs and LaPorte together the "Settling Parties") which was filed separately under seal and incorporated by reference herein, and (b) authorizing the Trustee and the Settling Parties to execute and deliver the Settlement Agreement and to take all actions contemplated by and reasonably necessary to implement the settlement with the Settling Parties (the "LaPorte Settlement"), as more fully set in the Motion; and the Bankruptcy Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that the venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 7 estate, its creditors and other parties in interest; and the Bankruptcy Court having found that the Trustee provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Bankruptcy Court having reviewed the Motion,

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

considered the evidence adduced at a hearing before the court (the "Hearing") and the oral and written arguments of the parties appearing on the Motion at the Hearing; and the Bankruptcy Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is HEREBY ORDERED THAT:

1. The Trustee's entry into the Settlement Agreement is approved in all respects;

2. The Trustee and the Settling Parties are authorized to enter into, perform, execute and deliver all documents, and take all actions, necessary to fully implement the terms of the Settlement Agreement in accordance with the terms, conditions, agreement, and releases set forth therein, without further approval from the Bankruptcy Court;

3. The Settlement Amount will be placed in escrow pursuant to the escrow agreement mutually satisfactory to the Trustee and the Settling Parties and the Settlement Amount will only be released upon further Order from this Court.

4. The Trustee and the Investor Plaintiffs will enter into mediation to determine the allocation of the Settlement Amount between the Debtor's estate and the Investor Plaintiffs (the "LaPorte Mediation").

5. The parties shall request that the Honorable Judge Marvin Isgur, or such other mediator as mutually agreed upon by the Trustee and Investor Parties, serve as mediator of the LaPorte Mediation.

6. Not less than fourteen (14) days after the conclusion of the mediation between the Trustee and Investor Plaintiffs, either the Trustee or the Investor Plaintiffs may commence an arbitration action to determine the allocation of the Settlement Amount between the Debtor's estate and the Investor Plaintiffs (the "LaPorte Arbitration") in

accordance with the procedures attached hereto as <u>Exhibit A</u> (the "<u>Arbitration Procedures</u>").

7. In the event the LaPorte Arbitration occurs, the arbitrator shall determine the amount of the Investor Plaintiffs' claims against LaPorte and determine the amount of the Debtor's estate's claims against LaPorte and the arbitrator shall make an award of the Settlement Amount to Debtor's estate and the Investor Plaintiffs based on a pro-rata distribution of the determined claims.

8. The parties shall request that the Honorable David R. Jones, or such other arbitrator as is mutually agreed upon by the Trustee and the Investor Plaintiffs, serve as arbitrator in the LaPorte Arbitration, if necessary.

9. The LaPorte Arbitration will be governed by the Arbitration Procedures.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated this 3 day of May 2017.

Karen Brown
United States Bankruptcy Judge

# EXHIBIT A

## Arbitration Procedures

1. **Commencement of Arbitration/Statement of Claims:** Not less than fourteen (14) days after the conclusion of the mediation between the Trustee and Investor Plaintiffs,[2] either Party[3] can commence arbitration by serving an arbitration statement on the other Party and the Arbitrator (the "Commencement Date"). The other Party will have thirty days after receiving the arbitration statement to serve its arbitration statement on the commencing Party and the Arbitrator.

2. **Hearing:** An evidentiary hearing in this matter will commence before the Arbitrator on a date mutually agreed upon by the Parties and the Arbitrator that is approximately 210 days from the Commencement Date. The Parties estimate that this case will require 3 day(s) of hearing time to present their proofs, inclusive of arguments (if any). Approximate number of attendees at the hearing: 6-10.

3. **Additional Pre-hearing/Status Conference:** An additional pre-hearing or status conference call is scheduled on a date to be mutually agreed upon by the Parties and the Arbitrator approximately one week before the Hearing. This conference call may be vacated upon the mutual agreement of the Parties, with notice to the Arbitrator.

4. **Amended Claims and Responses:** Pursuant to the direction of the Arbitrator, the Parties may amend/specify claims, including specification of damages claimed, by no later than 90 days after the Commencement Date. Parties will serve reponses, if any, on the other Party and the Arbitrator by no later than 120 days after the Commencement Date.

---

[2] The terms "Trustee" and "Investor Plaintiffs" are defined in the Settlement Agreement and Mutual Release entered into by the Trustee, Investor Plaintiffs and LaPorte in Civil Action No 4:14-Cv-02439.

[3] "Party" means the Trustee or Investor Plaintiffs, and "Parties" means both the Trustee and Investor Plaintiffs.

1

5.  **Motions:** Motions may be filed without first requesting permission to file any such Motion. Dispositive motions shall be filed no later than 140 days after the Commencement Date with responses due 30 days after the filing of the dispositive motion.

6.  **Discovery:**

    a.  Each Party shall serve all discovery requests on the other Party by 120 days after the Commencement Date. Each Party may serve requests for production of documents in reasonable number, but may serve no more than twenty interrogatories to each other. Answers to discovery requests are due within 30 days of receipt of the requests.

    b.  Depositions of fact witnesses shall be completed by 165 days after the Commencement Date.

        i.  Total deposition time by each Party shall not exceed ten (10) hours in length.

        ii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

    c.  Depositions of experts shall be completed by 180 days after the Commencement Date.

        i.  No expert deposition shall exceed four (4) hours in length.

        ii. With respect to all expert depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

2

    d.    For discovery issues or motions, respective counsel for the Parties will confer in an attempt to reach resolution before presenting the issue or motion to the Arbitrator.

9. **Witness Disclosures:**

a. Both Parties shall file a disclosure of all witnesses reasonably expected to be called by such party by 150 days after the Commencement Date.

b. By 150 days after the Commencement Date, the Parties shall file and serve their expert witness report(s). Each expert report shall set forth the expert's opinions and the reasoning in support of those opinions. The general substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. The report shall also identify all documents relied on by the expert in formulating his or her opinions. The Parties shall file and serve any rebuttal report(s) by 180 days after the Commencement Date.

c. During the hearing, each Party shall inform the other Party of the witnesses it intends to call at least one day in advance.

10.    **Exhibits**: The Parties shall exchange electronic copies of all exhibits to be offered and all schedules, summaries, diagrams, and charts to be used at the evidentiary hearings no later than 195 days after the Commencement Date.

a. Each Party shall bring a copy of the exhibits for the witness and shall provide electronic copies of the exhibits to the Arbitrator.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

3

| Party | Exhibit # | To Exhibit # |
|---|---|---|
| Trustee | T-1 | T-# |
| Investor Plaintifft | IP-1 | IP-# |

d. The Parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix "J" (J-1, J-2, J3, etc.).

e. In the event a Party determines it intends to offer as evidence a document not previously marked as an exhibit, the document shall be produced to the other Party as soon as possible after that determination, but in no event later than one day prior to its intended use.

11. **Post-Hearing Briefs:** Post-hearing briefs are optional and shall be submitted in accordance with a schedule to be issued by the Arbitrator during the Final Hearing.

a. Post-hearing briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The briefs will not exceed 20 double-spaced pages (except for single-spaced quoted text), excluding copies of any authorities that the parties may submit at the same time. The Parties may highlight any authorities as they deem appropriate.