UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| GARRISON MUNICIPAL PARTNERS, LP | § § | Case No. 14-32867 |
| DEBTOR. | § § § | (Chapter 7) |

**TRUSTEE'S OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY
<u>LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P.</u>**

**[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**PURSUANT TO BANKRUPTCY RULE 3007(E), THE CLAIMANTS RECEIVING THE OBJECTION CAN LOCATE THEIR NAMES AND CLAIMS IN EXHIBIT A TO THIS OBJECTION.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 20, 2017 AT 2:00PM IN COURTROOM 403, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, the trustee (the "<u>Trustee</u>") of the chapter 7 estate of Garrison Municipal Partners L.P. (the "<u>Debtor</u>" or the "<u>Partnership</u>") files this Omnibus Objection (the "<u>Objection</u>") to proofs of claim numbers 2 to 5 and 10 to 45 (the "<u>Claims</u>"), submitted by the limited partners

1

of the Debtor (the "Claimants"). In support of this Objection, the Trustee submits the Affidavit of Rodney D. Tow attached hereto as Exhibit A (the "Affidavit") and respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. This Court may grant the relief requested in this Objection under Bankruptcy Code §§ 105(a), 502, and 510(b) (the "Bankruptcy Code"); Bankruptcy Rule 3007; and Bankruptcy Rules for the Southern District of Texas 3007-1.

## PROCEDURAL BACKGROUND

3. The Debtor is a limited partnership organized in February 2008 under the laws of the State of Texas. The purported primary objective of the Partnership was to invest in the municipal bond market.

4. Charles Monroe Garrison ("Monroe Garrison") represented that the Partnership would invest primarily in municipal securities. However, notwithstanding these representations, Monroe Garrison caused the Partnership to invest in highly speculative securities that were not readily marketable.

5. Monroe Garrison caused the Partnership to "value" these non-marketable securities in its books in amounts that far exceeded the amount paid for such investments. Specifically, Monroe Garrison would cause the Partnership to purchase certain bonds below par and then would immediately mark them up to par.

6. As a result of Monroe Garrison's use of inflated valuations, the book and records of the Partnership incorrectly showed that the Partnership's investments were realizing substantial returns, when there was no actual return occurring.

7. The Claimants became limited partners in the Debtor by investing in the Debtor through various subscription agreements. Certain Claimants made redemption calls and withdrew from the Partnership between February 2008 and May 22, 2014 (the "Petition Date").

8. On the Petition Date, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

9. To date, entities and individuals have filed 46 proofs of claim against the Debtor, including the Claimants. The Trustee and his advisors have reviewed these proofs of claim, including the supporting documentation filed therewith. For the reasons set forth below, and based on the Trustee's review, the Trustee has determined that the Claims of the Claimants listed on Exhibit B should be reclassified as equity interests pursuant to Section 510(b) of the Bankruptcy Code as set forth herein.

## RELIEF REQUESTED

**A. Claims Should be Subordinated to Equity**

10. The Claimants assert that the Claims are entitled to status as general unsecured claims. After reviewing the Claims, including supporting documentation provided by the Claimants, if any, the Trustee has determined that the Claims are not properly classified as general unsecured claims.

11. The Claims should be reclassified because they are subject to mandatory subordination under Section 510(b) of the Bankruptcy Code. Specifically, Section 510(b) of the

3

Bankruptcy Code requires that the Claims be reclassified as equity claims because each such proof of claim was filed on account of equity interests in the Debtor. Section 510(b) of the Bankruptcy Code provides:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase of sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

12. Section 510(b) of the Bankruptcy Code serves to effectuate one of the general principles of bankruptcy law, which is that creditors are entitled to be paid ahead of shareholders in the distribution of corporate assets. *See In re Am. Housing Found.*, 785 F.3d 143, 153 (5th Cir. 2015)(stating that Section 510(b) of the Bankruptcy Code mandates the subordination of claims arising from purchase of securities); *see also In re SeaQuest Diving, LP*, 579 F.3d 411, 425 (5th Cir. 2009). In order to achieve this result, Section 510(b) makes clear that claims arising from equity investments in a debtor should be subordinated to the claims of general creditors. *See In re Am. Housing Found.*, 785 F.3d at 153.

13. Furthermore, the Claimants' ownership interests in the Debtor constitute "securities" within the meaning of Section 510(b), as the Bankruptcy Code expressly states that the term includes an "interest of a limited partner in a limited partnership." 11 U.S.C. § 101(49)(A)(xiii).

14. The Trustee has determined that each of the Claims was filed by the Claimants on account of asserted equity interests held by such Claimant in the Debtor, *i.e.* based solely on ownership of limited partnership interests in the Debtor. As holders of limited partnership

4

interests of the Debtor, the Claimants do not have "claims" against the Debtor. *See* 11 U.S.C. § 501(a) (stating that "[a]n equity security holder may file a proof of interest.")

15. Failure to appropriately classify the Claims would therefore entitle the Claimants to recoveries on account of such "claims" to which those Claimants are not entitled. The subordination of the Claims will enable the Debtor to administer the estate by making distributions to holders of allowed unsecured claims.

16. Accordingly, the Trustee seeks entry of an order, substantially in the form attached hereto (the "Order"), reclassifying the Claims of the Claimants identified on Exhibit B to this Objection as equity claims.

**B. Equity Interests Should be Allowed Based on Value of Investments and Withdrawals**

17. Through entry of the Order, the Trustee further seeks allowance of the Claims of the Claimants in amounts reflecting the total of each individual Claimant's respective cash transactions (including investments and distributions) and non-cash transactions (including investments) with the Debtor (collectively, the "Allowed Claim Amount"), as set forth on Exhibit C to this Objection.

18. Any amounts provided to the Claimants by the Debtor in the form of a statement may have been part of the Debtor's fraudulent scheme and may not reflect real or trustworthy values. The Trustee and his professionals have determined that the Allowed Claim Amount most closely reflects the true amounts of cash and security transfers between the Claimants and the Debtor.

19. The Trustee notes that Claimant #5 listed on Exhibit C made transfers to Claimants #17 to 21 and Claimant #23. These transfers from Claimant #5 to Claimants #17 to 21 and Claimant #23 should be reclassified as distributions from Claimant #5. Exhibit C reflects the

deduction of these amounts from the adjusted balance and Allowed Claim Amount of Claimant #5. This reclassification and deduction properly reflects the amounts of cash and security transfers between Claimant #5 and the Debtor.

20. Through entry of the Order, the Trustee further seeks waiver of local bankruptcy rule 3007-1(f), which requires a proposed procedure for the handling of omnibus objections. This Objection otherwise complies with all Bankruptcy Code and local rules for an omnibus objection. In support of this request, the Trustee declares in the Affidavit attached hereto that this Objection is the only omnibus objection that the Trustee will file on behalf of the Debtor in this matter.

## RESERVATION OF RIGHTS

21. The Trustee expressly reserves the right to amend, modify, or supplement this Objection and file additional substantive (to the extent allowable by the Court) or non-substantive objections to the Claims objected to herein, or any other claims, filed or not, which may be asserted against the Debtor. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object on any other applicable grounds. In addition, the Trustee reserves to right to reduce any Claim for any reason, including to the extent such Claim has been paid. The Trustee reserves the right to raise further objections, including objections under section 502(d) of the Bankruptcy Code. To the maximum extent allowable by the Court, nothing in this Objection or the relief requested herein shall limit the right of the Trustee to bring future and/or additional objections to any of the Claims on any basis.

WHEREFORE, the Trustee respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem proper.

DATED: June 12, 2017

    Respectfully submitted,

    DIAMOND McCARTHY LLP

    By:    */s/ Charles Rubio*
           Kyung S. Lee
           TBA No. 12128400
           Charles Rubio
           TBA No. 24083768
           crubio@diamondmccarthy.com
           909 Fannin, Suite 1500
           Houston, Texas  77010
           Telephone: (713) 333-5100
           Facsimile: (713) 333-5195

           COUNSEL TO RODNEY D. TOW.
           CHAPTER 7 TRUSTEE OF
           GARRISON MUNICIPAL
           PARTNERS, L.P.

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2017, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) transmitted to the parties listed below by the method indicated, within one business day of the filing.

           */s/ Charles Rubio*
           Charles Rubio

*By U.S first class mail*

| | | |
|---|---|---|
| Bryan Consolidated<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | Donald J & Kay M. Green<br>P.O. Box 1088<br>Alpine, TX 79831-1088 | Elizabeth Maples<br>576 Hopkins Street<br>Menlo Park, CA 94025 |
| HRB Global<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | HRB Oil & Gas, Ltd.<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | Jay Steven Adelson<br>30 Kite Hill Lane<br>Mill Valley, CA 94941-1458 |
| J.P. Bryan<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | J.P. & Mary Jon Bryan Foundation<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | Margaret Vonder Hoya<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 |
| MVH Grandchildren's Trust<br>Chris Vonder Hoya, Trustee<br>4311 Oak Lawn Ave., Suite 360<br>Dallas, TX 75219-2338 | Margaret Vonder Hoya Trust<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | Mary Jon Bryan<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 |
| Mike Maples, Jr.<br>820 Ramona Street, Suite 200<br>Palo Alto, CA 94301-2734 | Mike Maples, Sr.<br>8609 Navidad Dr.<br>Austin, TX 78735-1468 | MJMJR, Ltd.<br>820 Ramona Street, Suite 200<br>Palo Alto, CA 94301-2734 |
| Patricia Thomas IRA<br>5735 Indian Circle<br>Houston, Texas 77057-1302 | Robert Kevin Rose<br>47 N 4th Place<br>Brooklyn, NY 11249-3104 | Bradford Clay Vonder Hoya 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 |
| Elizabeth Carrie Petty 2012 Trust<br>By and through its Trustee,<br>Christopher<br>c/o Michael J Durrschmit<br>1415 Louisia, 36th Floor,<br>Houston, TX 77002 | Margaret Louise Petty Morris 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 | Margaret Louise Bright Petty<br>Testamentary Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 |
| Nathan Bright Petty 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 | | |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **GARRISON MUNICIPAL PARTNERS, LP** § | **Case No. 14-32867** | |
| § | **(Chapter 7)** | |
| **DEBTOR.** § | | |
| § | | |

**AFFIDAVIT OF RODNEY D. TOW, CHAPTER 7 TRUSTEE OF THE
ESTATE OF GARRISON MUNICIPAL PARTNERS, LP IN SUPPORT
OF TRUSTEE'S OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY
LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P.**

**[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]**

I, Rodney D. Tow, the trustee of the chapter 7 estate of Garrison Municipal Partners, L.P. (the "Partnership" or the "Debtor"), being duly sworn, state the following under penalty of perjury:

1. Except as otherwise indicated, all statements in this declaration are based on my personal knowledge, information and belief, my review and discussion of relevant documents or my opinion based upon my experience and knowledge. If called to testify, I could and would testify to each of the facts set forth herein.

2. I submit this affidavit (the "Affidavit") in support of the *Trustee's Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P.* (the "Objection"). I am authorized to make this Affidavit.

3. I have personally reviewed proofs of claim numbers 2 to 5 and 10 to 45 (the "Claims") filed by certain limited partners of the Partnership (the "Claimants") against the Debtor. The Claims, in the opinion of the Trustee, seek amounts that are not duly owing to the

9

Claimants. On that basis, I requested counsel to review and if appropriate file the necessary objections.

4. I have read the Objection, and I am generally familiar with the information contained therein, which is true and correct to the best of my knowledge.

5. Based on this review, the Trustee has determined that the Claims should be recharacterized for the reasons and allowed in the amounts set forth in the Objection.

6. This Objection is the only omnibus objection that will be filed by the Trustee on behalf of the Debtor in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2017.

*/s/ Rodney D. Tow*
Rodney D. Tow
Trustee for the Chapter 7 Estate of Garrison Municipal Partners, LP

## **Exhibit B**

### **Claimants and Claims Objected To**

| Claimant | Claim No. | Ground for Objection | Page in Omnibus Objection Pertinent to Stated Grounds |
|---|---|---|---|
| Bradford Clay Vonder Hoya 2012 Trust | 18, 32 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Bryan Consolidated Business Interests | 25, 44 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Donald J. Green | 2 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Elizabeth Carrie Petty 2012 Trust | 10, 11, 34 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Elizabeth Maples | 21, 29 | Subordination and Allowance Based on Transfer Values | 3-5 |
| HRB Global LTD | 16, 36 | Subordination and Allowance Based on Transfer Values | 3-5 |
| HRB Oil & Gas LTD | 13, 37 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Jay Steven Adelson | 5 | Subordination and Allowance Based on Transfer Values | 3-5 |
| JP Bryan | 26, 45 | Subordination and Allowance Based on Transfer Values | 3-5 |
| JP & Mary Jon Bryan Foundation | 24, 43 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Margaret Louise Petty Morris 2012 Trust | 19, 31 | Subordination and Allowance Based on Transfer Values | 3-5 |

| | | | |
|---|---|---|---|
| Margaret Louise Bright Petty Testamentary Trust | 27, 41 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Margaret Vonder Hoya | 15, 40 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Margaret Vonder Hoya Grandchildren's Trust | 12, 33 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Margaret Vonder Hoya Trust | 14, 39 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Mary Jon Bryan | 23, 42 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Michael J. Maples, Sr. | 20, 30 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Michael Maples, Jr. | 22, 28 | Subordination and Allowance Based on Transfer Values | 3-5 |
| MJMJR LTD | 11, 38 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Nathan Bright Petty 2012 Trust | 17, 35 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Patricia Allred Thomas | 3 | Subordination and Allowance Based on Transfer Values | 3-5 |
| Robert Kevin Rose | 4 | Subordination and Allowance Based on Transfer Values | 3-5 |

## Exhibit C

## Allowed Claim Amounts for Claimants

| | Limited Parter | Cash Transactions | | Non-Cash Transactions | | | Adjusted Balance and Allowed Claim Amount |
| | | Investments | Distributions | Investments | Total | Reclassification | |
|---|---|---|---|---|---|---|---|
| 1 | JP Bryan | 1,820,000.00 | (748,835.16) | (601,164.84) | 470,000.00 | 0.00 | 470,000.00 |
| 2 | Bryan Consolidated Business Interests | 3,075,000.00 | (660,400.00) | - | 2,414,600.00 | 0.00 | 2,414,600.00 |
| 3 | JP & Mary Jon Bryan Foundation | 100,000.00 | (45,000.00) | - | 55,000.00 | 0.00 | 55,000.00 |
| 4 | Mary Jon Bryan | 2,500,000.00 | - | 200,000.00 | 2,700,000.00 | 0.00 | 2,700,000.00 |
| 5 | Margaret Vonder Hoya | 8,799,959.98 | (1,323.30) | 200,040.02 | 8,998,676.70 | -153,360.60 | 8,845,316.10 |
| 6 | HRB Global LTD | 5,298,834.61 | (2,202,124.33) | 701,165.39 | 3,797,875.67 | 0.00 | 3,797,875.67 |
| 7 | Donald J Green | 1,900,000.00 | (275,000.00) | - | 1,625,000.00 | 0.00 | 1,625,000.00 |
| 8 | Margaret Vonder Hoya Trust | 500,000.00 | (2,280.16) | 350,000.00 | 847,719.84 | 0.00 | 847,719.84 |
| 9 | Michael J Maples, Jr. | 3,000,000.00 | - | - | 3,000,000.00 | 0.00 | 3,000,000.00 |
| 10 | MJMJR LTD | 100,000.00 | - | - | 100,000.00 | 0.00 | 100,000.00 |
| 11 | Michael J Maples, Sr. | 2,500,000.00 | - | - | 2,500,000.00 | 0.00 | 2,500,000.00 |
| 12 | HRB Oil & Gas LTD | 700,000.00 | (1,454.26) | - | 698,545.74 | 0.00 | 698,545.74 |
| 13 | Jay Steven Adelson | 500,000.00 | (172,816.00) | - | 327,184.00 | 0.00 | 327,184.00 |
| 14 | Robert Kevin Rose | 250,000.00 | (150,000.00) | 350,000.00 | 450,000.00 | 0.00 | 450,000.00 |
| 15 | Patricia Allred Thomas | 4,000,000.00 | - | - | 4,000,000.00 | 0.00 | 4,000,000.00 |
| 16 | Elizabeth Maples | 1,100,000.00 | - | 1,200,663.93 | 2,300,663.93 | 0.00 | 2,300,633.93 |
| 17 | Margaret Vonder Hoya Grandchildren's | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 18 | Nathan Bright Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 19 | Margaret Louise Petty Morris 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 20 | Elizabeth Carrie Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 21 | Bradford Clay Vonder Hoya 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 22 | The Maples Descendants Trust | - | - | - | - | 0.00 | 0.00 |
| 23 | Margaret Louise Bright Petty Testamen | - | (121.30) | - | (121.30) | 121.30 | 0.00 |

13

# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARRISON MUNICIPAL PARTNERS, LP | § § | Case No. 14-32867 |
| | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | |

**ORDER APPROVING CHAPTER 7 TRUSTEE'S OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P.PURSUANT TO BANKRUPTCY RULE 510(b)**

**[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]**

Came on for consideration the *Trustee's Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P.* (the "Objection") filed by Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of Garrison Municipal Partners, L.P. (the "Debtor"), seeking entry of an order (i) reclassifying the Claims[1] of the Claimants set forth on Exhibit A attached hereto as equity claims, and (ii) allowing the Claims in the Allowed Claim Amount as set forth on Exhibit B; and it appearing to the Court that the notice of time for creditors and parties-in-interest to object to the Objection and the hearing date on the Objection is appropriate notice under the circumstances of this case and as set out in the allegations in the Objection; and this Court having determined that the relief requested in the Objection is in the best interest of the Chapter 7 estate, its creditors and other parties-in-interest; and after due consideration of the pleadings and objections, if any filed, the evidence adduced at the hearing on the Objection and the reasons stated on the record at the hearing seeking approval of the Objection: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

1

1. All responses to the Objection, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

2. The Claims set forth on Exhibit A to this Order shall be reclassified and subordinated to the level of equity claims pursuant to section 510(b) of the Bankruptcy Code.

3. The Claims shall be allowed in the Allowed Claim Amount, as set forth on Exhibit B to this Order.

4. Local bankruptcy rule 3007-1(f) is waived for the purposes of this Objection.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated this __ day of _____, 2017.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Claimants and Claims Objected To

| Claimant | Claim Number |
|---|---|
| Bradford Clay Vonder Hoya 2012 Trust | 18, 32 |
| Bryan Consolidated Business Interests | 25, 44 |
| Donald J. Green | 2 |
| Elizabeth Carrie Petty 2012 Trust | 10, 11, 34 |
| Elizabeth Maples | 21, 29 |
| HRB Global LTD | 16, 36 |
| HRB Oil & Gas LTD | 13, 37 |
| Jay Steven Adelson | 5 |
| JP Bryan | 26, 45 |
| JP & Mary Jon Bryan Foundation | 24, 43 |
| Margaret Louise Petty Morris 2012 Trust | 19, 31 |
| Margaret Louise Bright Petty Testamentary Trust | 27, 41 |
| Margaret Vonder Hoya | 15, 40 |
| Margaret Vonder Hoya Grandchildren's Trust | 12, 33 |
| Margaret Vonder Hoya Trust | 14, 39 |
| Mary Jon Bryan | 23, 42 |
| Michael J. Maples, Sr. | 20, 30 |
| Michael Maples, Jr. | 22, 28 |
| MJMJR LTD | 11, 38 |
| Nathan Bright Petty 2012 Trust | 17, 35 |
| Patricia Allred Thomas | 3 |
| Robert Kevin Rose | 4 |

3

# Exhibit B

## Allowed Claim Amounts for Claimants

|  | Limited Parter | Cash Transactions | | Non-Cash Transactions | | | |
|---|---|---|---|---|---|---|---|
|  |  | Investments | Distributions | Investments | Total | Reclassification | Adjusted Balance and Allowed Claim Amount |
| 1 | JP Bryan | 1,820,000.00 | (748,835.16) | (601,164.84) | 470,000.00 | 0.00 | 470,000.00 |
| 2 | Bryan Consolidated Business Interests | 3,075,000.00 | (660,400.00) | - | 2,414,600.00 | 0.00 | 2,414,600.00 |
| 3 | JP & Mary Jon Bryan Foundation | 100,000.00 | (45,000.00) | - | 55,000.00 | 0.00 | 55,000.00 |
| 4 | Mary Jon Bryan | 2,500,000.00 | - | 200,000.00 | 2,700,000.00 | 0.00 | 2,700,000.00 |
| 5 | Margaret Vonder Hoya | 8,799,959.98 | (1,323.30) | 200,040.02 | 8,998,676.70 | -153,360.60 | 8,845,316.10 |
| 6 | HRB Global LTD | 5,298,834.61 | (2,202,124.33) | 701,165.39 | 3,797,875.67 | 0.00 | 3,797,875.67 |
| 7 | Donald J Green | 1,900,000.00 | (275,000.00) | - | 1,625,000.00 | 0.00 | 1,625,000.00 |
| 8 | Margaret Vonder Hoya Trust | 500,000.00 | (2,280.16) | 350,000.00 | 847,719.84 | 0.00 | 847,719.84 |
| 9 | Michael J Maples, Jr. | 3,000,000.00 | - | - | 3,000,000.00 | 0.00 | 3,000,000.00 |
| 10 | MJMJR LTD | 100,000.00 | - | - | 100,000.00 | 0.00 | 100,000.00 |
| 11 | Michael J Maples, Sr. | 2,500,000.00 | - | - | 2,500,000.00 | 0.00 | 2,500,000.00 |
| 12 | HRB Oil & Gas LTD | 700,000.00 | (1,454.26) | - | 698,545.74 | 0.00 | 698,545.74 |
| 13 | Jay Steven Adelson | 500,000.00 | (172,816.00) | - | 327,184.00 | 0.00 | 327,184.00 |
| 14 | Robert Kevin Rose | 250,000.00 | (150,000.00) | 350,000.00 | 450,000.00 | 0.00 | 450,000.00 |
| 15 | Patricia Allred Thomas | 4,000,000.00 | - | - | 4,000,000.00 | 0.00 | 4,000,000.00 |
| 16 | Elizabeth Maples | 1,100,000.00 | - | 1,200,663.93 | 2,300,663.93 | 0.00 | 2,300,633.93 |
| 17 | Margaret Vonder Hoya Grandchildren's | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 18 | Nathan Bright Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 19 | Margaret Louise Petty Morris 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 20 | Elizabeth Carrie Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 21 | Bradford Clay Vonder Hoya 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 22 | The Maples Descendants Trust | - | - | - | - | 0.00 | 0.00 |
| 23 | Margaret Louise Bright Petty Testamen | - | (121.30) | - | (121.30) | 121.30 | 0.00 |