UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARRISON MUNICIPAL PARTNERS, LP | § | Case No. 14-32867 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| | § | |

**TRUSTEE'S SUPPLEMENT TO OMNIBUS OBJECTION
TO PROOFS OF CLAIM FILED BY
LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P.**

[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**PURSUANT TO BANKRUPTCY RULE 3007(E), THE CLAIMANTS RECEIVING THE OBJECTION CAN LOCATE THEIR NAMES AND CLAIMS IN EXHIBIT A TO THIS OBJECTION.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 20, 2017 AT 2:00PM IN COURTROOM 403, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, the trustee (the "Trustee") of the chapter 7 estate of Garrison Municipal Partners L.P. (the "Debtor" or the "Partnership") files this Supplement (the "Supplemental Objection") to Trustee's Omnibus Objection to Proofs of Claim Filed by Limited Partners of

Garrison Municipal Partners, L.P. (the "Omnibus Objection"), which objects to proofs of claim numbers 2 to 5 and 10 to 45 (the "Claims"), submitted by the limited partners of the Debtor (the "Claimants"). In support of this Supplemental Objection, the Trustee submits the Supplemental Affidavit of Rodney D. Tow attached hereto as Exhibit A (the "Affidavit") and respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. This Court may grant the relief requested in this Objection under Bankruptcy Code §§ 105(a), 502, and 510(b) (the "Bankruptcy Code"); Bankruptcy Rule 3007; and Bankruptcy Rules for the Southern District of Texas 3007-1.

## PROCEDURAL BACKGROUND

3. The Trustee filed the Omnibus Objection [Docket 252 and 253], requesting that the Claims (i) be reclassified because they are subject to mandatory subordination under Section 510(b) of the Bankruptcy Code, as each such proof of claim was filed on account of equity interests in the Debtor; and (ii) allowed in amounts as reflected in the Debtor's records.

4. The Omnibus Objection reserved the Trustee's right to supplement the Omnibus Objection with additional substantive and non-substantive objections.

## RELIEF REQUESTED

5. After reviewing the Claims, including supporting documentation provided by the Claimants, if any, the Trustee has determined that the certain of the Claims are duplicative, as set forth on Exhibit B to this Supplemental Objection.

6. After reviewing the Claims, the Trustee has further determined that the Claims for Claimant Elizabeth Carrie Petty 2012 Trust are properly Claim numbers 10 and 34, as set forth on Exhibit B.

7. The Trustee seeks entry of an order, substantially in the form attached hereto (the "Order"), eliminating duplicative claims and reclassifying the Claims of the Claimants identified on Exhibit B to this Objection as equity claims.

8. Through entry of the Order, the Trustee further seeks allowance of the Claims of the Claimants in amounts reflecting the total of each Claimant's respective cash transactions (including investments and distributions) and non-cash transactions (including investments) with the Debtor (collectively, the "Allowed Claim Amount"), as set forth on Exhibit C to this Supplemental Objection.

## RESERVATION OF RIGHTS

9. The Trustee expressly reserves the right to amend, modify, or supplement this Objection and file additional substantive (to the extent allowable by the Court) or non-substantive objections to the Claims objected to herein, or any other claims, filed or not, which may be asserted against the Debtor. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object on any other applicable grounds. In addition, the Trustee reserves to right to reduce any Claim for any reason, including to the extent such Claim has been paid. The Trustee reserves the right to raise further objections, including objections under section 502(d) of the Bankruptcy Code. To the maximum extent allowable by the Court, nothing in this Objection or the relief requested herein shall limit the right of the Trustee to bring future and/or additional objections to any of the Claims on any basis.

WHEREFORE, the Trustee respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem proper.

DATED: June 16, 2017

Respectfully submitted,

DIAMOND McCARTHY LLP

By:    */s/ Charles Rubio*
Kyung S. Lee
TBA No. 12128400
Charles Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
909 Fannin, Suite 1500
Houston, Texas  77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5195

COUNSEL TO RODNEY D. TOW.
CHAPTER 7 TRUSTEE OF
GARRISON MUNICIPAL
PARTNERS, L.P.

## CERTIFICATE OF SERVICE

I certify that on June 16, 2017, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) transmitted to the parties listed below by the method indicated, within one business day of the filing.

*/s/ Charles Rubio*
Charles Rubio

*By U.S first class mail*

| | | |
|---|---|---|
| Bryan Consolidated<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | Donald J & Kay M. Green<br>P.O. Box 1088<br>Alpine, TX 79831-1088 | Elizabeth Maples<br>576 Hopkins Street<br>Menlo Park, CA 94025 |
| HRB Global<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | HRB Oil & Gas, Ltd.<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | Jay Steven Adelson<br>30 Kite Hill Lane<br>Mill Valley, CA 94941-1458 |
| J.P. Bryan<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | J.P. & Mary Jon Bryan Foundation<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 | Margaret Vonder Hoya<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 |
| MVH Grandchildren's Trust<br>Chris Vonder Hoya, Trustee<br>4311 Oak Lawn Ave., Suite 360<br>Dallas, TX 75219-2338 | Margaret Vonder Hoya Trust<br>4311 Oak Lawn Ave. Suite 360<br>Dallas, TX 75219-2338 | Mary Jon Bryan<br>1331 Lamar, Suite 1075<br>Houston, TX 77010-3025 |
| Mike Maples, Jr.<br>820 Ramona Street, Suite 200<br>Palo Alto, CA 94301-2734 | Mike Maples, Sr.<br>8609 Navidad Dr.<br>Austin, TX 78735-1468 | MJMJR, Ltd.<br>820 Ramona Street, Suite 200<br>Palo Alto, CA 94301-2734 |
| Patricia Thomas IRA<br>5735 Indian Circle<br>Houston, Texas 77057-1302 | Robert Kevin Rose<br>47 N 4th Place<br>Brooklyn, NY 11249-3104 | Bradford Clay Vonder Hoya 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 |
| Elizabeth Carrie Petty 2012 Trust<br>By and through its Trustee,<br>Christopher<br>c/o Michael J Durrschmit<br>1415 Louisia, 36th Floor,<br>Houston, TX 77002 | Margaret Louise Petty Morris 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 | Margaret Louise Bright Petty<br>Testamentary Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 |
| Nathan Bright Petty 2012 Trust<br>c/o Michael J Durrschmidt<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, Texas 77002 | | |

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **GARRISON MUNICIPAL PARTNERS, LP** | § § | **Case No. 14-32867** |
| **DEBTOR.** | § § § | **(Chapter 7)** |

**SUPPLEMENTAL AFFIDAVIT OF RODNEY D. TOW IN SUPPORT
OF SUPPLEMENT TO TRUSTEE'S OMNIBUS OBJECTION TO PROOFS OF CLAIM
FILED BY LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P.**

**[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]**

I, Rodney D. Tow, the trustee of the chapter 7 estate of Garrison Municipal Partners, L.P. (the "Partnership" or the "Debtor"), being duly sworn, state the following under penalty of perjury:

1. Except as otherwise indicated, all statements in this declaration are based on my personal knowledge, information and belief, my review and discussion of relevant documents or my opinion based upon my experience and knowledge. If called to testify, I could and would testify to each of the facts set forth herein.

2. I submit this affidavit (the "Affidavit") in support of the *Trustee's Supplement to Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P.* (together with the original objection, the "Objection"). I am authorized to make this Affidavit.

6

3. I have personally reviewed proofs of claim numbers 2 to 5 and 10 to 45 (the "Claims") filed by certain limited partners of the Partnership (the "Claimants") against the Debtor.

4. The Claims, in the opinion of the Trustee, seek amounts that are not duly owing to the Claimants. On that basis, I requested counsel to review and if appropriate file the necessary objections.

5. I have read the Objection, and I am generally familiar with the information contained therein, which is true and correct to the best of my knowledge.

6. Based on this review, the Trustee has determined that the Claims should be recharacterized for the reasons and allowed in the amounts set forth in the Objection. The Trustee has also determined that certain of the Claims are duplicative.

7. This Objection is the only omnibus objection that will be filed by the Trustee on behalf of the Debtor in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 16, 2017.

/s/ Rodney D. Tow
Rodney D. Tow
Trustee for the Chapter 7 Estate of Garrison Municipal Partners, LP

## Exhibit B

### Claimants and Claims Objected To

| Claimant | Claim No. | Ground for Objection | Page in Omnibus Objection Pertinent to Stated Grounds |
|---|---|---|---|
| Bradford Clay Vonder Hoya 2012 Trust | 18, 32 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Bryan Consolidated Business Interests | 25, 44 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Donald J. Green | 2 | Subordination and Allowance Based on Transfer Values | 2-3 |
| Elizabeth Carrie Petty 2012 Trust | 10, 34 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Elizabeth Maples | 21, 29 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| HRB Global LTD | 16, 36 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| HRB Oil & Gas LTD | 13, 37 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Jay Steven Adelson | 5 | Subordination and Allowance Based on Transfer Values | 2-3 |

| | | | |
|---|---|---|---|
| JP Bryan | 26, 45 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| JP & Mary Jon Bryan Foundation | 24, 43 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Margaret Louise Petty Morris 2012 Trust | 19, 31 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Margaret Louise Bright Petty Testamentary Trust | 27, 41 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Margaret Vonder Hoya | 15, 40 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Margaret Vonder Hoya Grandchildren's Trust | 12, 33 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Margaret Vonder Hoya Trust | 14, 39 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Mary Jon Bryan | 23, 42 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |

| Michael J. Maples, Sr. | 20, 30 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
|---|---|---|---|
| Michael Maples, Jr. | 22, 28 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| MJMJR LTD | 11, 38 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Nathan Bright Petty 2012 Trust | 17, 35 | Subordination and Allowance Based on Transfer Values<br><br>Duplicative Claims | 2-3 |
| Patricia Allred Thomas | 3 | Subordination and Allowance Based on Transfer Values | 2-3 |
| Robert Kevin Rose | 4 | Subordination and Allowance Based on Transfer Values | 2-3 |

## Exhibit C

## Allowed Claim Amounts for Claimants

|  | Allowed Claim No. | Limited Parter | Cash Transactions | | Non-Cash Transactions | Total | Reclassification | Adjusted Balance and Allowed Claim Amount |
|---|---|---|---|---|---|---|---|---|
|  |  |  | Investments | Distributions | Investments |  |  |  |
| 1. | 26 | JP Bryan | 1,820,000.00 | (748,835.16) | (601,164.84) | 470,000.00 | 0.00 | 470,000.00 |
| 2. | 25 | Bryan Consolidated Business Interests | 3,075,000.00 | (660,400.00) | - | 2,414,600.00 | 0.00 | 2,414,600.00 |
| 3. | 24 | JP & Mary Jon Bryan Foundation | 100,000.00 | (45,000.00) | - | 55,000.00 | 0.00 | 55,000.00 |
| 4. | 23 | Mary Jon Bryan | 2,500,000.00 | - | 200,000.00 | 2,700,000.00 | 0.00 | 2,700,000.00 |
| 5. | 15 | Margaret Vonder Hoya | 8,799,959.98 | (1,323.30) | 200,040.02 | 8,998,676.70 | -153,360.60 | 8,845,316.10 |
| 6. | 16 | HRB Global LTD | 5,298,834.61 | (2,202,124.33) | 701,165.39 | 3,797,875.67 | 0.00 | 3,797,875.67 |
| 7. | 2 | Donald J Green | 1,900,000.00 | (275,000.00) | - | 1,625,000.00 | 0.00 | 1,625,000.00 |
| 8. | 14 | Margaret Vonder Hoya Trust | 500,000.00 | (2,280.16) | 350,000.00 | 847,719.84 | 0.00 | 847,719.84 |
| 9. | 22 | Michael J Maples, Jr. | 3,000,000.00 | - | - | 3,000,000.00 | 0.00 | 3,000,000.00 |
| 10. | 11 | MJMJR LTD | 100,000.00 | - | - | 100,000.00 | 0.00 | 100,000.00 |
| 11. | 20 | Michael J Maples, Sr. | 2,500,000.00 | - | - | 2,500,000.00 | 0.00 | 2,500,000.00 |
| 12. | 13 | HRB Oil & Gas LTD | 700,000.00 | (1,454.26) | - | 698,545.74 | 0.00 | 698,545.74 |
| 13. | 5 | Jay Steven Adelson | 500,000.00 | (172,816.00) | - | 327,184.00 | 0.00 | 327,184.00 |
| 14. | 4 | Robert Kevin Rose | 250,000.00 | (150,000.00) | 350,000.00 | 450,000.00 | 0.00 | 450,000.00 |
| 15. | 3 | Patricia Allred Thomas | 4,000,000.00 | - | - | 4,000,000.00 | 0.00 | 4,000,000.00 |
| 16. | 21 | Elizabeth Maples | 1,100,000.00 | - | 1,200,663.93 | 2,300,663.93 | 0.00 | 2,300,633.93 |
| 17. | 12 | Margaret Vonder Hoya Grandchildren's | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 18. | 17 | Nathan Bright Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 19. | 19 | Margaret Louise Petty Morris 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 20. | 10 | Elizabeth Carrie Petty 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 21. | 18 | Bradford Clay Vonder Hoya 2012 Trust | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 22. |  | The Maples Descendants Trust | - | - | - | - | 0.00 | 0.00 |
| 23. | 27 | Margaret Louise Bright Petty Testamen | - | (121.30) | - | (121.30) | 121.30 | 0.00 |

# **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **GARRISON MUNICIPAL PARTNERS, LP** | § § § § | Case No. 14-32867 (Chapter 7) |
| **DEBTOR.** | § | |

### ORDER APPROVING CHAPTER 7 TRUSTEE'S OMNIBUS OBJECTION AND SUPPLEMENT TO OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY LIMITED PARTNERS OF GARRISON MUNICIPAL PARTNERS, L.P. PURSUANT TO BANKRUPTCY RULE 510(b)

**[Claim Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45]**

Came on for consideration the *Trustee's Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P.* and *Trustee's Supplement to Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P.* (collectively, the "Objection") filed by Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of Garrison Municipal Partners, L.P. (the "Debtor"), seeking entry of an order (i) reclassifying the Claims[1] of the Claimants set forth on Exhibit A attached hereto as equity claims, (ii) allowing the Claims in the Allowed Claim Amount as set forth on Exhibit B; and (iii) eliminating the duplicate claims set forth on Exhibit A; and it appearing to the Court that the notice of time for creditors and parties-in-interest to object to the Objection and the hearing date on the Objection is appropriate notice under the circumstances of this case and as set out in the allegations in the Objection; and this Court having determined that the relief requested in the Objection is in the best interest of the Chapter 7 estate, its creditors and other parties-in-interest; and after due

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

1

consideration of the pleadings and objections, if any filed, the evidence adduced at the hearing on the Objection and the reasons stated on the record at the hearing seeking approval of the Objection: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All responses to the Objection, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

2. The duplicative Claims set forth on Exhibit A shall be eliminated from the claims register.

3. The Claims set forth on Exhibit A to this Order shall be reclassified and subordinated to the level of equity claims pursuant to section 510(b) of the Bankruptcy Code.

4. The Claims shall be allowed in the Allowed Claim Amount, as set forth on Exhibit B to this Order.

5. Local bankruptcy rule 3007-1(f) is waived for the purposes of this Objection.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated this __ day of _____, 2017.

_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Claimants and Claims Objected To

| Claimant | Claim Number/s | Duplicate Claim | Claim to be Reclassified and Subordinated |
|---|---|---|---|
| Bradford Clay Vonder Hoya 2012 Trust | 18, 32 | 32 | 18 |
| Bryan Consolidated Business Interests | 25, 44 | 44 | 25 |
| Donald J. Green | 2 | | 2 |
| Elizabeth Carrie Petty 2012 Trust | 10, 34 | 34 | 10 |
| Elizabeth Maples | 21, 29 | 29 | 21 |
| HRB Global LTD | 16, 36 | 36 | 16 |
| HRB Oil & Gas LTD | 13, 37 | 37 | 13 |
| Jay Steven Adelson | 5 | | 5 |
| JP Bryan | 26, 45 | 45 | 26 |
| JP & Mary Jon Bryan Foundation | 24, 43 | 43 | 24 |
| Margaret Louise Petty Morris 2012 Trust | 19, 31 | 31 | 19 |
| Margaret Louise Bright Petty Testamentary Trust | 27, 41 | 41 | 27 |
| Margaret Vonder Hoya | 15, 40 | 40 | 15 |
| Margaret Vonder Hoya Grandchildren's Trust | 12, 33 | 33 | 12 |
| Margaret Vonder Hoya Trust | 14, 39 | 39 | 14 |
| Mary Jon Bryan | 23, 42 | 42 | 23 |
| Michael J. Maples, Sr. | 20, 30 | 30 | 20 |
| Michael Maples, Jr. | 22, 28 | 28 | 22 |
| MJMJR LTD | 11, 38 | 38 | 11 |
| Nathan Bright Petty 2012 Trust | 17, 35 | 35 | 17 |
| Patricia Allred Thomas | 3 | | 3 |
| Robert Kevin Rose | 4 | | 4 |

# Exhibit B

## Allowed Claim Amounts for Claimants

|  | Allowed Claim No. | Limited Parter | | Cash Transactions — Investments | Cash Transactions — Distributions | Non-Cash Transactions — Investments | Total | Reclassification | Adjusted Balance and Allowed Claim Amount |
|---|---|---|---|---|---|---|---|---|---|
| 1. | 26 | JP Bryan | | 1,820,000.00 | (748,835.16) | (601,164.84) | 470,000.00 | 0.00 | 470,000.00 |
| 2. | 25 | Bryan Consolidated Business Interests | | 3,075,000.00 | (660,400.00) | - | 2,414,600.00 | 0.00 | 2,414,600.00 |
| 3. | 24 | JP & Mary Jon Bryan Foundation | | 100,000.00 | (45,000.00) | - | 55,000.00 | 0.00 | 55,000.00 |
| 4. | 23 | Mary Jon Bryan | | 2,500,000.00 | - | 200,000.00 | 2,700,000.00 | 0.00 | 2,700,000.00 |
| 5. | 15 | Margaret Vonder Hoya | | 8,799,959.98 | (1,323.30) | 200,040.02 | 8,998,676.70 | -153,360.60 | 8,845,316.10 |
| 6. | 16 | HRB Global LTD | | 5,298,834.61 | (2,202,124.33) | 701,165.39 | 3,797,875.67 | 0.00 | 3,797,875.67 |
| 7. | 2 | Donald J Green | | 1,900,000.00 | (275,000.00) | - | 1,625,000.00 | 0.00 | 1,625,000.00 |
| 8. | 14 | Margaret Vonder Hoya Trust | | 500,000.00 | (2,280.16) | 350,000.00 | 847,719.84 | 0.00 | 847,719.84 |
| 9. | 22 | Michael J Maples, Jr. | | 3,000,000.00 | - | - | 3,000,000.00 | 0.00 | 3,000,000.00 |
| 10. | 11 | MJMJR LTD | | 100,000.00 | - | - | 100,000.00 | 0.00 | 100,000.00 |
| 11. | 20 | Michael J Maples, Sr. | | 2,500,000.00 | - | - | 2,500,000.00 | 0.00 | 2,500,000.00 |
| 12. | 13 | HRB Oil & Gas LTD | | 700,000.00 | (1,454.26) | - | 698,545.74 | 0.00 | 698,545.74 |
| 13. | 5 | Jay Steven Adelson | | 500,000.00 | (172,816.00) | - | 327,184.00 | 0.00 | 327,184.00 |
| 14. | 4 | Robert Kevin Rose | | 250,000.00 | (150,000.00) | 350,000.00 | 450,000.00 | 0.00 | 450,000.00 |
| 15. | 3 | Patricia Allred Thomas | | 4,000,000.00 | - | - | 4,000,000.00 | 0.00 | 4,000,000.00 |
| 16. | 21 | Elizabeth Maples | | 1,100,000.00 | - | 1,200,663.93 | 2,300,663.93 | 0.00 | 2,300,633.93 |
| 17. | 12 | Margaret Vonder Hoya Grandchildren's | | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 18. | 17 | Nathan Bright Petty 2012 Trust | | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 19. | 19 | Margaret Louise Petty Morris 2012 Trust | | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 20. | 10 | Elizabeth Carrie Petty 2012 Trust | | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 21. | 18 | Bradford Clay Vonder Hoya 2012 Trust | | - | (30,647.86) | - | (30,647.86) | 30,647.86 | 0.00 |
| 22. |  | The Maples Descendants Trust | | - | - | - | - | 0.00 | 0.00 |
| 23. | 27 | Margaret Louise Bright Petty Testamen | | - | (121.30) | - | (121.30) | 121.30 | 0.00 |

4