**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARRISON MUNICIPAL PARTNERS, LP** | § | **Case No. 14-32867** |
| | § | **(Chapter 7)** |
| **DEBTOR.** | § | |
| | § | |

**CHAPTER 7 TRUSTEE'S MOTION UNDER 11 U.S.C. §§ 105(A) AND 363,**
**BANKRUPTCY RULES 6004 AND 9019 AND LOCAL RULE 9013-1**
<u>**FOR APPROVAL OF SETTLEMENT**</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING ON THIS MOTION HAS BEEN SCHEDULED FOR SEPTEMBER 7, 2017, AT 10:00 A.M. BEFORE THE HONORABLE KAREN K. BROWN, U.S. BANKRUPTCY COURT, 515 RUSK, COURTROOM 403, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, the chapter 7 Trustee (the "<u>Trustee</u>") of the chapter 7 estate of Garrison

Municipal Partners L.P. (the "<u>Partnership</u>" or "<u>Debtor</u>") files this motion (the "<u>Motion</u>") for

entry of an order substantially in the form attached hereto (the "Proposed Order"), pursuant to

§§ 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004 and

9019 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 9013-1 for the

United States Bankruptcy Court for the Southern District of Texas ("Local Rules"), for approval

of the mediated settlement agreement (the "Mediated Settlement Agreement"), attached hereto as

Exhibit A, between the Trustee and the Investor Plaintiffs[1] (the "Settling Parties") and

respectfully states as follows:

## JURISDICTION AND VENUE

1.    This Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

The Trustee consents to the entry of a final order by the Bankruptcy Court in connection with

this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

2.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and

363, Bankruptcy Rules 6004 and 9019, and Local Rule 9013-1.

---

[1]    The Investor Plaintiffs are J.P. Bryan, Bryan Consolidated Business Interests, Ltd., JP and Mary Jon Bryan Foundation, Mary Jon Bryan, Margaret Vonder Hoya, HRB Global, Ltd., Margaret Vonder Hoya Trust, HRB Oil & Gas, Ltd, Michael J. Maples, Sr., Michael J. Maples, Jr., MJMJR, Ltd., Elizabeth Maples, The Maples Descendants Trust, Margaret Vonder Hoya Grandchildrens Trust, Nathan Bright Petty 2012 Trust, Margaret Louise Petty Morris 2012 Trust, Elizabeth Carrie Petty 2012 Trust, Bradford Clay Vonder Hoya 2012 Trust, and Margaret Louise Bright Petty Testamentary Trust.

## BACKGROUND

4.      The Debtor is a limited partnership organized in February 2008 under the laws of the State of Texas.  The primary objective of the Partnership was to invest in the municipal bond market.

5.      On May 22, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

6.      After the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly-qualified and acting Chapter 7 trustee of the Debtor's estate.

7.      Since his appointment, the Trustee has liquidated the Debtor's assets in accordance with the duties set out in section 704(a)(1) of the Bankruptcy Code.

8.      The Trustee retained Cooper & Scully P.C. as special counsel ("Special Counsel") to prosecute, among other things, malpractice claims held by the Debtor. These malpractice claims include malpractice claims against LaPorte, the Debtor's prepetition accounting professional (the "LaPorte Litigation").

9.      With the Bankruptcy Court's approval, the Trustee previously settled the LaPorte Litigation (the "LaPorte Litigation Settlement"), with a specified settlement amount (the "Settlement Amount") [Dockets Nos. 242 and 250].  The Settlement Amount is held by LaPorte.

10.     On May 3, 2017, the Bankruptcy Court signed an order approving the LaPorte Litigation Settlement in all respects [Docket No. 250] (the "LaPorte Settlement Order").

11.     Pursuant to the LaPorte Settlement Order, the Trustee and the Investor Plaintiffs entered into mediation to determine the allocation of the Settlement Amount between the Debtor's estate and the Investor Plaintiffs (the "LaPorte Mediation").

12.     The purpose of this Motion is to seek Bankruptcy Court approval of the Mediated Settlement Agreement reached at the LaPorte Mediation.

## BACKROUND OF THE MEDIATED SETTLEMENT AGREEMENT

13.     The Partnership is a pooled investment fund that received $41,143,794.59 in cash investments from 18 limited partner investors (individually the "Investors").

14.     The Investor Plaintiffs do not include all the Investors. Specifically, the Investor Plaintiffs do not include Donald J. Green, Donna Reeder, Marathon Financial Insurance Company, Jay Steven Adelson, Robert Kevin Rose, and Patricia Thomas.

**A. Garrison's Fraudulent Mark-Up Practice and Improper Payment of Fees**

15.     Since the inception of the Partnership, Charles Monroe Garrison ("Monroe Garrison") represented to the Investors that the Partnership would invest primarily in municipal securities.   However, notwithstanding these representations, Monroe Garrison caused the Partnership to invest in highly speculative securities that were not readily marketable.

16.     Monroe Garrison caused the Partnership to "value" these non-marketable securities in its books in amounts that far exceeded the amount paid for such investments. Specifically, Monroe Garrison would cause the Partnership to purchase certain bonds at below par and then would immediately mark them up to par.

17.     As a result of Monroe Garrison's use of inflated valuations, the books and records of the Partnership incorrectly showed the Partnership's investments were realizing substantial returns, when there was no actual return occurring.

### B.  LaPorte Failed to Identify Fraud

18.     LaPorte was retained by the Debtor to provide financial reporting and auditing services. LaPorte did not report relevant facts in the various financial statements it prepared and did not identify the Partnership's fraudulent practice of marking-up securities.

19.     Based on the financial statements audited by LaPorte, the Partnership and Monroe Garrison took millions of dollars in improper performance and management fees and lost the Investor Plaintiffs' money.

### C.  Investor Plaintiffs' Suit against LaPorte

20.     On October 18, 2013, before the Partnership filed for bankruptcy, the Investor Plaintiffs commenced a law suit entitled *J. P. Bryan and Margaret Vonder Hoya v. Garrison Municipal Partners, LP, CMG Management, LP, General Partner, and Charles Monroe Garrison,* Case No. 2013-63132, in the District Court of Harris County, Texas, 164th Judicial District, alleging that Monroe Garrison placed the Investors Plaintiffs in unsuitable and illiquid investments and charged excessive management and performance fees.

21.     On July 16, 2014, after the Debtor filed for bankruptcy, the Investor Plaintiffs commenced a lawsuit entitled *J.P. Bryan, Bryan Consolidated Business Interests, Ltd., JP and Mary Jon Bryan Foundation, Mary Jon Bryan, Margaret Vonder Hoya, HRB Global, Ltd., Margaret Vonder Hoya Trust, HRB Oil & Gas, Ltd, Michael J. Maples, Sr., Michael J. Maples, Jr., MJMJR, Ltd., Elizabeth Maples, The Maples Descendants Trust, Margaret Vonder Hoya Grandchildrens Trust, Nathan Bright Petty 2012 Trust, Margaret Louise Petty Morris 2012 Trust, Elizabeth Carrie Petty 2012 Trust, and Bradford Clay Vonder Hoya 2012 Trust And Margaret Louise Bright Petty Testamentary Trust v. Laporte, a Professional Accounting*

*Corporation*, Case No. 2014-40948 in the District Court of Harris County, Texas, 164th Judicial District, based on LaPorte's failure to identify Monroe Garrison's fraudulent mark-up scheme.

### D.  Trustee's Claims against Garrison Parties and LaPorte

22.     The Trustee and his Special Counsel investigated the affairs of the Debtor to determine the claims the Debtor's estate had against LaPorte.

23.     Special Counsel pursued the Debtor's estate's claims against LaPorte and participated in settlement negotiations resulting the LaPorte Litigation Settlement.  *See* Docket No. 242.

### E.  Mediated Settlement Agreement Between the Trustee and Investor Plaintiffs

24.     Pursuant to the LaPorte Settlement Order approving the LaPorte Litigation Settlement in all respects, the Trustee and the Investor Plaintiffs agreed to enter into the LaPorte Mediation before the Honorable U.S. Bankruptcy Judge Marvin Isgur to determine the allocation of the Settlement Amount between the Debtor's estate and the Investor Plaintiffs.

25.     The Trustee and the Investor Plaintiffs entered into the LaPorte Mediation, resulting in the mutually agreeable Mediated Settlement Agreement, which was signed on June 20, 2017.

26.     The Trustee has determined in the exercise of his sound judgment that entry into the Mediated Settlement Agreement is an equitable result, reasonable, fair and in the best interest of creditors.

### <u>SUMMARY OF THE MEDIATED SETTLEMENT AGREEMENT</u>

27.     The key terms of the Settlement are:[2]

      a.  ***Consideration.*** ███████████████████████ ████████████████████  will be paid to the Investor Plaintiffs from the

---

[2]     This is a summary of the terms of the Mediated Settlement Agreement and reference should be made to the Mediated Settlement Agreement for the full terms.

Settlement Amount. ¶ 2(a).  This figure represents: (i) ██████████████ ████████████████ of the Investor Plaintiffs' interest in the Settlement Amount; (ii) ████████████████████████████████ for the Investor Plaintiffs' substantial contribution claim; and (iii) an estimated recovery of current distributions on account of the Investor Plaintiffs' equity interest in the estate.  As part of the Mediated Settlement Agreement, the Trustee will transfer to the Investor Plaintiffs all of the Debtor's interest in the estate's claims against Monroe Garrison, et al in civil action 4:14:cv-02439. ¶ 2(b).

b. ***Trustee's Fee.*** The Debtor's estate is deemed to receive ████████████ ████████████████████████████ of the Settlement Amount.  Any Settlement Amount that is held in escrow that is not distributed to the Investor Plaintiffs will be distributed to the Trustee for the benefit of the estate.  The Trustee will limit his statutory fee to THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE Dollars THIRTY-THREE Cents ($33,333.33) out of the LaPorte Litigation Settlement, and may seek such additional fees as are appropriate from other estate distributions. ¶ 3.

c. ***Special Counsel's Fee.*** Special Counsel will limit its fees and expenses to ████████████████████████████████████████████ out of the LaPorte Litigation Settlement, and may seek such additional fees as are appropriate from other estate distributions. ¶ 4.

d. ***Allowed General Unsecured Claims.*** The Trustee will pay all allowed general unsecured claims in full. ¶ 5.

e. ***Excess Distributions.*** The Investor Plaintiffs will forego any distributions from the settlement or cash on hand in excess of ████████████████ , except if the estate recovers additional cash or other assets above and beyond the cash on hand on June 20, 2017 and the amounts the estate receives under this LaPorte Litigation Settlement.  If such additional amounts are received, then the Investor Plaintiffs shall be entitled to receive their pro-rata distribution with the other equity holders, which is approximately 74%. ¶ 8.

f. The Trustee will request that LaPorte's insurer pay ████████████████ ████████████████████████████ payment directly to counsel for the Investor Plaintiffs, Michael Durrschmidt. Any such payments received by Michael Durrschmidt will be held in trust until fifteen (15) days after entry of the order approving this settlement. ¶ 9.

g. ***All Claims Released.*** The Trustee and the Debtor fully release the Investor Plaintiffs.  The Investor Plaintiffs fully release the Trustee and the Debtor,

except for the obligations in the Mediated Settlement Agreement and the rights, if any, to excess distributions. ¶ 10.

**BASIS FOR RELIEF**

28.     Congress explicitly provided mechanisms in the Bankruptcy Code to encourage settlements. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp*., 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).

29.     Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc*., 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortg. Corp*., 68 F.3d 914, 917 (5th Cir. 1995). Moreover, Bankruptcy Code section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

30.     Approval of a proposed settlement is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements"). The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a debtor is not required to present a full mini-trial or evidentiary

hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the court "is not to decide the numerous questions of law and fact raised" by the compromise, but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *In re Mirant Corp.*, 348 B.R. at 743.

31.     A bankruptcy court should approve a settlement under Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec.,* 119 F.3d at 356 (citations omitted); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferr, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 298 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).   Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

32.     The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a Bankruptcy Court must evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Ref. Inc.,* 801 F.3d 530, 540 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

33.     Under the third, catch-all provision, the Fifth Circuit has specified two additional factors.  First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortg. Corp*., 68 F.3d at 917.  Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918 (internal citations omitted).

34.     The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer* and further defined by the Fifth Circuit Court of Appeals.

## ANALYSIS OF PROPOSED COMPROMISE

### A.  The Mediated Settlement Agreement Falls Within the Range of Reasonableness.

35.     The Trustee has weighed the reasonableness factors for purposes of Bankruptcy Rule 9019 and submits that the Mediated Settlement Agreement falls within the range of reasonableness for the reasons articulated below.

36.     The Mediated Settlement Agreement provides a fair procedure for the Trustee to recover its share of the Settlement Amount for the Debtor's estate while minimizing further expenses of litigation.

### B.  The Probability of Success in the Litigation, with Due Consideration for the Uncertainty in Fact and Law.

37.     The continued prosecution of the LaPorte Litigation Settlement does not guarantee a result superior to the result obtained under the Mediated Settlement Agreement.  The hurdles faced by the Trustee now illustrate the complexity of the disputed issues, and the time and effort that would be necessary to fully litigate them.

38.     If the Mediated Settlement is not entered into, pursuant to the LaPorte Settlement Order approving the LaPorte Litigation Settlement, the Trustee and Investor Plaintiffs must enter

into an arbitration (the "LaPorte Arbitration") to determine the allocation of the Settlement Amount.

39.     In the LaPorte Arbitration, an arbitrator would determine the amount the Investor Plaintiffs' claims against LaPorte and determine the amount of the Debtor's estate's claims against LaPorte.  The arbitrator would then make an award of the Settlement Amount based on a pro-rata distribution of the determined claims.

40.     The Trustee cannot be certain of the results of the LaPorte Arbitration.  This factor weighs in favor of entering into the Mediated Settlement Agreement.  This factor also supports the Trustee's position that the Mediated Settlement Agreement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness.

41.     The entry into the Mediated Settlement Agreement is expected to result in the fair and orderly administration of numerous claims against the Debtor's estate, as well as increasing the cash available to the Trustee for distribution to creditors in accordance with the waterfall provided for under Bankruptcy Code section 727.

**C. The Complexity and likely Duration of the Litigation and any Attendant Expense, Inconvenience and Delay.**

42.     The LaPorte Arbitration would involve complex legal issues relating to damages, causation, and apportionment of liability among the parties.  Pursuit of the LaPorte Arbitration to a judgment may take many months or even years.  As a result, the LaPorte Arbitration is likely to be complex and protracted.

43.     The attendant costs of the LaPorte Arbitration will also be significant.  In addition to the costs of discovery and motion practice, the Trustee would need to retain experts and create

a damage model that prevails over the experts LaPorte and the Investor Plaintiffs would likely retain.

44.     Therefore, the Trustee and his professionals believe that entry into the Mediated Settlement Agreement at this time is in the best interest of the estate.

## CONCLUSION

45.     The Trustee submits that the Mediated Settlement Agreement satisfies the requirements established under Bankruptcy Rule 9019, the Supreme Court in *TMT Trailer*, and applicable Fifth Circuit law.   In light of these considerations, the Trustee believes that the proposed compromise falls well within the range of reasonableness, especially in light of the practical reality that "compromises are . . . often times desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co.*, 624 F.2d at 602 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto (i) approving the Trustee's settlement with the Investor Plaintiffs set out in the Mediated Settlement Agreement and the Proposed Order, and (ii) granting such other and further relief to which the Trustee may be entitled.

*{Remainder of Page Intentionally Left Blank}*

DATED: August 3, 2017

Respectfully submitted,

DIAMOND MCCARTHY, LLP

*/s/ Charles M. Rubio*
Kyung S. Lee
State Bar No. 12128400
Charles M. Rubio
State Bar No. 24083768
Diamond McCarthy, LLP
909 Fannin Street, 15th Floor
Two Houston Center
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5195

GENERAL COUNSEL TO
RODNEY D. TOW, TRUSTEE

-and-

COOPER & SCULLY, P.C.
Timothy Micah Dortch
State Bar No. 24044981
R. Brent Cooper
State Bar No. 04783250
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540

-and-

COOPER & SCULLY, P.C.
Christopher D. Lindstrom
State Bar No. 24032671
815 Walker, Suite 1040
Houston, Texas 77002
Telephone:  (713) 236-6800
Facsimile:  (713) 236-6880

SPECIAL COUNSEL TO
RODNEY D. TOW, TRUSTEE

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on August 3, 2017, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) an unredacted true and correct copy of the foregoing document was within one business day transmitted to the parties listed on the attached Service List by the method indicated.

<br>

*/s/ Charles M. Rubio*
Charles Rubio

<br>

*Service List via First Class Mail*

Bryan Consolidated
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Donald J & Kay M. Green
P.O. Box 1088
Alpine, TX 79831-1088

Elizabeth Maples
576 Hopkins Street
Menlo Park, CA 94025

HRB Global
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

HRB Oil & Gas, Ltd.
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

Jay Steven Adelson
30 Kite Hill Lane
Mill Valley, CA 94941-1458

J.P. Bryan
1331 Lamar, Suite 1075
Houston, TX 77010-3025

J.P. & Mary Jon Bryan Foundation
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Margaret Vonder Hoya
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

MVH Grandchildren's Trust
Chris Vonder Hoya, Trustee
4311 Oak Lawn Ave., Suite 360
Dallas, TX 75219-2338

Margaret Vonder Hoya Trust
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

Mary Jon Bryan
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Mike Maples, Jr.
820 Ramona Street, Suite 200
Palo Alto, CA 94301-2734

Mike Maples, Sr.
8609 Navidad Dr.
Austin, TX 78735-1468

MJMJR, Ltd.
820 Ramona Street, Suite 200
Palo Alto, CA 94301-2734

Patricia Thomas IRA
5735 Indian Circle
Houston, Texas 77057-1302

Robert Kevin Rose
47 N 4th Place
Brooklyn, NY 11249-3104

Bradford Clay Vonder Hoya 2012 Trust
c/o Michael J Durrschmidt
Hirsch & Westheimer, PC
1415 Louisiana, 36th Floor
Houston, Texas 77002

Elizabeth Carrie Petty 2012 Trust
By and through its Trustee, Christopher
c/o Michael J Durrschmit
1415 Louisiana, 36th Floor,
Houston, TX 77002

Margaret Louise Petty Morris 2012 Trust
c/o Michael J Durrschmidt
Hirsch & Westheimer, PC
1415 Louisiana, 36th Floor
Houston, Texas 77002

Margaret Louise Bright Petty
Testamentary Trust
c/o Michael J Durrschmidt
Hirsch & Westheimer, PC
1415 Louisiana, 36th Floor
Houston, Texas 77002

Nathan Bright Petty 2012 Trust
c/o Michael J Durrschmidt
Hirsch & Westheimer, PC
1415 Louisiana, 36th Floor
Houston, Texas 77002

Exhibit A

Mediated Settlement Agreement

## MEDIATED SETTLEMENT AGREEMENT

This is a Mediated Settlement Agreement between the Investor Plaintiffs (as defined in the LaPorte Settlement Agreement) and Rodney Tow, as Trustee of the Garrison Municipal Partners, LP Bankruptcy Case (Case 14-32867 pending in the United States Bankruptcy Court for the Southern District of Texas).

1.      This Agreement is subject to approval of the United States Bankruptcy Court for the Southern District of Texas.   The Trustee will promptly file a Rule 9019 Motion to Compromise that implements this Agreement.   If the Rule 9019 Motion is approved, this Agreement will become effective.   If it is not approved, this Agreement will no longer have any force or effect.

2.      On the 15th day after entry of a final order by the Bankruptcy Court, the Trustee will:

   a.   Pay ███████████ to the Investor Plaintiffs; and

   b.   Transfer to the Investor Plaintiffs all of the Estate's interest in claims against Monroe Garrison, et al in civil action number 4:14:cv-02439.

3.      The Trustee will limit his statutory fee to $33,333.33 out of the LaPorte Litigation, and may seek such additional fees as are appropriate from other estate distributions.

4.      The Cooper & Scully law firm will limit its fees and expenses to ███████ out of the LaPorte litigation, and may seek such additional fees as are appropriate from other estate distributions.

5.      The Trustee will pay all allowed general unsecured claims in full.

6.      Neither the Trustee fee nor the Cooper and Scully fee nor the payment of the general unsecured claims will reduce or alter the ███████████ payable to the Investor Plaintiffs.

7.      The balance on hand after payment of the ███████████, all administrative claims, and all general unsecured claims will be paid to the investors who have filed proofs of claim or interests, exclusive of the Investor Plaintiffs.   The Trustee anticipates that these distributions will be approximately ███████████

8.      The Investor Plaintiffs will forego any distributions in excess of ███████████ except as follows: If the estate recovers additional cash or other assets above and beyond the cash on hand on June 20, 2017, then the Investor Plaintiffs will receive a 74% distribution of any total distributions made on account of such post-June 20, 2017 recoveries.

9.      The Trustee will request that LaPorte's insurer pay a portion of its settlement proceeds to Michael Durrschmidt as attorney for the Investor Plaintiffs.   Any such payment will

apply to the $███████ payment under paragraph 2(a) of this Agreement.   Any such payments received by Durrschmidt will be held in trust until 15 days after entry of a final order.

10.     The Trustee and the Estate fully release the Investor Plaintiffs.   The Investor Plaintiffs fully release the Trustee and the Estate, except for the obligations set forth in this Agreement.

Signed on June 20, 2017.

_____
Rodney Tow, Trustee of the Estate of Garrison Municipal Partners, L.P.

_____
Michael J. Durrschmidt, attorney for the Investor Plaintiffs

_____
Christopher Lindstrom, for Cooper & Scully

# **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARRISON MUNICIPAL PARTNERS, LP** | § | **Case No. 14-32867** |
| | § | **(Chapter 7)** |
| **DEBTOR.** | § | |
| | § | |

**ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION UNDER**
**BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT**

Upon the motion (the "Motion") of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of Garrison Municipal Partners L.P. (the "Debtor") for entry of an order (this "Order"), (a) approving the Trustee's entry into the Mediated Settlement Agreement with the Investor Plaintiffs[1] (collectively, the "Settling Parties"), and (b) authorizing the Settling Parties to execute and deliver the Mediated Settlement Agreement and to take all actions contemplated by and reasonably necessary to implement the Mediated Settlement Agreement, as more fully set in the Motion; and the Bankruptcy Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S. C. § 157(b)(2); and the Bankruptcy Court having found that the venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 7 estate, its creditors and other parties in interest; and the Bankruptcy Court having found that the Trustee provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Bankruptcy Court having reviewed the Motion, considered the evidence adduced at a hearing before the Court (the

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

"Hearing") and the oral and written arguments of the parties appearing on the Motion at the Hearing; and the Bankruptcy Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is HEREBY ORDERED THAT:

1. The Trustee's entry into the Mediated Settlement Agreement is approved in all respects;

2. To the extent that there are any inconsistencies between this Order and the Mediated Settlement Agreement, this Order will control;

3. ███████████████████████████████████████████████ will be paid to the Investor Plaintiffs from the Settlement Amount. This figure represents: (i) ███████████████████████████████████ ███████████████████ of the Investor Plaintiffs' interest in the Settlement Amount; (ii) ███ ███████████████████████████████████████ for the Investor Plaintiffs' substantial contribution claim; and (iii) an estimated recovery of current distributions on account of the Investor Plaintiffs' equity interest in the estate;

4. The Trustee transfers to the Investor Plaintiffs all of the Debtor's interest in claims against Monroe Garrison, et al in civil action 4:14:cv-02439;

5. The Debtor's estate is deemed to receive ███████████████████████████████ ███████████████████████ of the Settlement Amount.  Any Settlement Amount that is held in escrow that is not distributed to the Investor Plaintiffs will be distributed to the Trustee for the benefit of the estate.  The Trustee will limit his statutory fee to THIRTY-THREE THOUSAND THREE HUNDRED THIRTY-THREE Dollars THIRTY-THREE Cents ($33,333.33) out of the LaPorte Litigation

2

Settlement, and may seek such additional fees as are appropriate from other estate distributions;

6. Special Counsel to the Trustee will limit its fees and expenses ████████████ ████████████████████████████ out of the LaPorte Litigation Settlement, and may seek such additional fees as are appropriate from other estate distributions;

7. The Investor Plaintiffs forego any distributions from the settlement or cash on hand in excess of ████████████████████████ ████████████ except if the estate recovers additional cash or other assets above and beyond the cash on hand on June 20, 2017 and the amounts the estate receives on account of the LaPorte Litigation Settlement.   If such additional amounts are received, then the Investor Plaintiffs shall be entitled to receive their pro-rata distribution with the other equity holders, which is approximately 74%;

8. The Trustee will request that LaPorte's insurer pay the ████████████ ████████████████████████ payment directly to counsel for the Investor Plaintiffs, Michael Durrschmidt. Any such payments received by Michael Durrschmidt will be held in trust until fifteen (15) days after entry of a final order;

9. The Trustee and the Debtor fully release the Investor Plaintiffs, except for obligations in the Mediated Settlement Agreement.   The Investor Plaintiffs fully release the Trustee and the Debtor, except for the obligations in the Mediated Settlement Agreement;

10. The Settling Parties are authorized to enter into, perform, execute and deliver all documents, and take all actions, necessary to fully implement the terms of this Order and the Mediated Settlement Agreement attached hereto as <u>Exhibit A</u>;

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry;

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and

13. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated this ___ day of _____ 2017.


_____
Karen Brown
United States Bankruptcy Judge

<u>Exhibit A</u>

Mediated Settlement Agreement

## MEDIATED SETTLEMENT AGREEMENT

This is a Mediated Settlement Agreement between the Investor Plaintiffs (as defined in the LaPorte Settlement Agreement) and Rodney Tow, as Trustee of the Garrison Municipal Partners, LP Bankruptcy Case (Case 14-32867 pending in the United States Bankruptcy Court for the Southern District of Texas).

1.     This Agreement is subject to approval of the United States Bankruptcy Court for the Southern District of Texas.   The Trustee will promptly file a Rule 9019 Motion to Compromise that implements this Agreement.   If the Rule 9019 Motion is approved, this Agreement will become effective.   If it is not approved, this Agreement will no longer have any force or effect.

2.     On the 15th day after entry of a final order by the Bankruptcy Court, the Trustee will:

    a.   Pay ███████████ to the Investor Plaintiffs; and

    b.   Transfer to the Investor Plaintiffs all of the Estate's interest in claims against Monroe Garrison, et al in civil action number 4:14:cv-02439.

3.     The Trustee will limit his statutory fee to $33,333.33 out of the LaPorte Litigation, and may seek such additional fees as are appropriate from other estate distributions.

4.     The Cooper & Scully law firm will limit its fees and expenses to ███████ out of the LaPorte litigation, and may seek such additional fees as are appropriate from other estate distributions.

5.     The Trustee will pay all allowed general unsecured claims in full.

6.     Neither the Trustee fee nor the Cooper and Scully fee nor the payment of the general unsecured claims will reduce or alter the ███████████ payable to the Investor Plaintiffs.

7.     The balance on hand after payment of the ███████████, all administrative claims, and all general unsecured claims will be paid to the investors who have filed proofs of claim or interests, exclusive of the Investor Plaintiffs.   The Trustee anticipates that these distributions will be approximately ███████████

8.     The Investor Plaintiffs will forego any distributions in excess of ███████████ except as follows: If the estate recovers additional cash or other assets above and beyond the cash on hand on June 20, 2017, then the Investor Plaintiffs will receive a 74% distribution of any total distributions made on account of such post-June 20, 2017 recoveries.

9.     The Trustee will request that LaPorte's insurer pay a portion of its settlement proceeds to Michael Durrschmidt as attorney for the Investor Plaintiffs.   Any such payment will

apply to the $███████ payment under paragraph 2(a) of this Agreement.   Any such payments received by Durrschmidt will be held in trust until 15 days after entry of a final order.

10.    The Trustee and the Estate fully release the Investor Plaintiffs.   The Investor Plaintiffs fully release the Trustee and the Estate, except for the obligations set forth in this Agreement.

Signed on June 20, 2017.

_____
Rodney Tow, Trustee of the Estate of Garrison Municipal Partners, L.P.

_____
Michael J. Durrschmidt, attorney for the Investor Plaintiffs

_____
Christopher Lindstrom, for Cooper & Scully