

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| GARRISON MUNICIPAL PARTNERS, LP, | § § | CASE NO. 14-32867-H5-7 |
| Debtor, | § § § | |

## MEMORANDUM OPINION AND ORDER

The Chapter 7 Trustee objected to the proofs of claim filed by 22 prepetition investors in the Debtor on grounds they were duplicates and represented equity interests rather than unsecured claims. (Docket No. 252). The Trustee reached a settlement with 18 of the prepetition investors and filed a motion for compromise. (Docket No. 263). On the day of a combined hearing on the motion for compromise and the claim objection, Don and Kay Green (two of the non-settling prepetition investors) denied the material allegations of the claim objection. (Docket No. 271). The Greens argue that they are entitled to a general unsecured claim because they submitted a withdrawal request prepetition. Trustee argues that the Greens' asserted general unsecured claim would consume the entirety of the estate and thus would defeat the settlement with the other prepetition investors. Trustee seeks a judgment on partial findings overruling the Greens' objection. The Court overrules the Greens' objection because the partnership agreement withdrawal provisions are not self-executing.

I. <u>The Partnership Agreement</u>

Section 5.5 of the Limited Partnership Agreement provides in part:

5.5     Withdrawal of Interests of Partners

(a) The Interest of a Partner may not be withdrawn from the Partnership prior to its dissolution except as provided in this Section 5.5.

(b) Except as provided in Section 5.5(m), Section 6.1(c) and this Section 5.5(b), and subject to any arrangements with Special Limited Partners, a Limited Partner may voluntarily withdraw all or part of his Limited Partner Interest in the Partnership as of the close of business on the last day of each Fiscal Quarter (or at such other times as the General Partner, in its sole discretion, may determine); provided that as of such withdrawal date, such Limited Partner has held a Limited Partner Interest for at least twelve (12) complete, consecutive calendar months; and provided, further, however, that if withdrawal requests are received as of the close of any Fiscal Quarter for more than 20% of the Regular Account Net Assets as of such Fiscal Quarter end, the General Partner may, in its discretion, reduce all withdrawal requests pro rata so that only 20% of the value of the Regular Account Net Assets as of such Fiscal Quarter end is withdrawn. A withdrawal request that is not satisfied as of the intended Fiscal Quarter end because of the foregoing restrictions will be satisfied as of the next Fiscal Quarter end; provided, that, such restrictions do not apply as of such time. Such withdrawal requests will be satisfied in preference to later withdrawal requests subject to the foregoing provisions. Capital not withdrawn from the Partnership by virtue of the foregoing restrictions will remain at the risk of the Partnership until the effective withdrawal date.  Such Limited Partner must give irrevocable written notice to the General Partner at the principal office of the Partnership at least forty-five (45) days prior to the proposed withdrawal date (or within such other time as the General Partner, in its sole discretion, determines) indicating the amount to be withdrawn from such Partner's Capital Account in such notice. The General Partner may, in its sole discretion, waive the foregoing notice requirement.

\* \* \*

(e) The General Partner, in its sole discretion, may effect withdrawal payments (I) in cash, (ii) by transfer to the Limited Partner of certain portfolio Securities or other assets of the Partnership, whether or not readily marketable, the fair market value of which would satisfy the Limited Partner's request for withdrawal or (iii) in any combination of the foregoing.  Except as provided in Sections 5.5(g) and 5.5(j), payment of at least ninety percent (90%) of the estimated amount due to a withdrawing Partner must be made as soon as practicable (but not more than ten (10) Business Days) after the effective date of withdrawal, provided that the General Partner may delay such payment if such delay is

reasonably necessary to prevent such withdrawal from having a material adverse impact on the Partnership. Any remaining balance must be paid, without interest thereon, promptly following completion of the audit of the Partnership's financial statements for the Fiscal Year that includes the effective date of withdrawal. The capital to be withdrawn will not participate in new Special Situation Investments made after the relevant withdrawal date. A request for a partial withdrawal is charged to a Limited Partner's Capital Account attributable to the Regular Account to the extent thereof unless otherwise agreed with the General Partner.

\* \* \*

(g) Upon receipt by the General Partner of a Limited Partner's notice of intention to withdraw assets from the Partnership, the General Partner has the absolute discretion to manage the Partnership's assets in a manner which would provide for cash being available to satisfy such Limited Partner's request for withdrawal, but the General Partner is under no obligation to effect sales of Partnership assets if the General Partner. in its sole discretion, determines that such transactions might be detrimental to the interest of the other Partners or that such transactions are not reasonably practicable. In the case of a complete withdrawal, or a partial withdrawal that cannot be fully funded out of the Limited Partner's interest in the Regular Account, no settlements may occur with respect to any of such Limited Partner's Special Situation Investment Sub-accounts until the occurrence of a Recognition Event with respect to any such Special Situation Investment after the scheduled payment date for the withdrawal. If the Recognition Event is a sale for cash, the settlement is funded in cash within 90 days after the Recognition Event (without interest). If the Recognition Event is not a sale for cash, the General Partner may effect the settlement either by making a distribution in kind of the Limited Partner's ratable share of the relevant Security or by distributing the net proceeds derived from a sale of such Securities or other available cash. In connection with any such settlement, a calculation of the Limited Partner's Performance Change through the date of the Recognition Event is made to determine whether any Performance Allocation is to be credited to the General Partner. The General Partner is entitled to withdraw an amount equal to any such Performance Allocation, together with any Management Fees deferred pursuant to Section 3.7(a). at the same time and in the same form (in cash or in kind) as the distribution to the withdrawing Limited Partner.

\* \* \*

(k) A withdrawing Partner does not share in the income, gains and losses of the Partnership or have any other rights as a Partner after the effective date of its withdrawal except as provided in Section 3.8.

(Docket No. 277).

The parties agree that on November 13, 2013, the Greens gave written notice to Debtor of their intent to withdraw their limited partnership interest in the Debtor. Debtor never made any payment to the Greens, before their notice or after Debtor filed a Chapter 7 petition on May 22, 2014.

## II. The Greens' Unsecured Claim is Subordinated to Other Unsecured Claims

Section 510(b) provides:

> (b) For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

(11 U.S.C. § 510(b)).

Section 510(b) applies to the ownership interests in a limited partnership. *See In re SeaQuest Diving, LP*, 579 F.3d 411 (5th Cir. 2009). As a general principle, creditors are entitled to be paid ahead of equity security holders in the distribution of corporate assets. *SeaQuest*, 579 F.3d, at 417. The Fifth Circuit stated in *SeaQuest*:

> For purposes of the damages category, the circuit courts agree that a claim arising from the purchase or sale of a security can include a claim predicated on post-issuance conduct, such as breach of contract. They also agree that the term "arising from" is ambiguous, so resort to the legislative history is necessary. For a claim to "arise from" the purchase or sale of a security, there must be some nexus or causal relationship between the claim and the sale. Further, the fact that the claims in the case seek to recover a portion of claimants' equity investment is the most important policy rationale.

*SeaQuest*, 579 F.3d, at 421. (internal citations omitted).

Debtor's failure to pay the Greens' claim upon withdrawal is a claim for breach of contract arising from the withdrawal. The Greens are seeking to recover their equity investment. Thus, under Section 510(b), their claim is subordinated and has the same priority as the other prepetition investors.

The Greens' argument that their notice of withdrawal is a redemption claim similar to those in *In re Montgomery Ward Holding Co.* 272 B.R. 836 (Bankr. D. Del. 2001), *abrogated on other grounds by In re Telegroup, Inc.*, 281 F.3d 133 (3d Cir. 2002) lacks merit. A redemption claim requires a separate note, see *SeaQuest,* 579 F.3d, at 423, and must be independent of the partnership agreement. *See In re American Housing Foundation*, 785 F.3d 143 (5th Cir. 2015). In this case, the notice of withdrawal was not self-executing so as to give the Greens an interest in the assets of the partnership. The partnership agreement required action on the part of the general partner to repay the Greens equity interests.

The Court will set an additional hearing on the "Trustee's Omnibus Objection to Proofs of Claim Filed by Limited Partners of Garrison Municipal Partners, L.P." (Docket No.252) and the "Chapter 7 Trustee's Motion under 11 U.S.C. §§ 105(A) and 363, Bankruptcy Rules 6004 and 9019 and Local Rule 9013-1 for Approval of Settlement" (Docket No.263) in light of this Memorandum Opinion and Order.

Signed at Houston, Texas on October 31, 2017

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE