

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GARRISON MUNICIPAL PARTNERS, LP | § | Case No. 14-32867 |
| | § | (Chapter 7) |
| DEBTOR. | § | |
| | § | |
| | § | |

### ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT
[Related to Dkt. No. 263]

Upon the motion (the "Motion") of Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") of Garrison Municipal Partners L.P. (the "Debtor") for entry of an order (this "Order"), (a) approving the Trustee's entry into the Mediated Settlement Agreement with the Investor Plaintiffs[1] (collectively, the "Settling Parties"), which was filed separately under seal and incorporated by reference herein, and (b) authorizing the Settling Parties to execute and deliver the Mediated Settlement Agreement and to take all actions contemplated by and reasonably necessary to implement the Mediated Settlement Agreement, as more fully set in the Motion; and the Bankruptcy Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S. C. § 157(b)(2); and the Bankruptcy Court having found that the venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 7 estate, its creditors and other parties in interest; and the Bankruptcy Court having found that the Trustee provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Bankruptcy Court having reviewed the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Motion, considered the evidence adduced at a hearing before the Court (the "Hearing") and the oral and written arguments of the parties appearing on the Motion at the Hearing; and the Bankruptcy Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is HEREBY ORDERED THAT:

1. Pursuant to the confidentiality terms contained in the Settlement Agreement signed by the Settling Parties, previously approved by this Court [Docket No. 250], filed under seal with this Court [Docket No. 244], and incorporated by reference herein, which sets forth the Settlement Amount allocated to the Settling Parties in the Mediated Settlement Agreement, the terms of the Mediated Settlement Agreement remain confidential;
2. The Trustee's entry into the Mediated Settlement Agreement is approved in all respects as the terms are set forth in the Motion which is filed under seal;
3. The Settling Parties are authorized to enter into, perform, execute and deliver all documents, and take all actions, necessary to fully implement the terms of the Mediated Settlement Agreement, which was filed separately under seal and incorporated by reference herein, in accordance with the terms, conditions, agreements, and releases set forth therein, without further approval from the Bankruptcy Court;
4. The Trustee transfers to the Investor Plaintiffs all of the Debtor's interest in claims against Monroe Garrison, et al in civil action 4:14:cv-02439;
5. The Trustee and the Debtor fully release the Investor Plaintiffs, except for obligations in the Mediated Settlement Agreement. The Investor Plaintiffs fully release the

Trustee and the Debtor, except for the obligations in the Mediated Settlement Agreement;

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry;

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and

8. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated this 16 day of NOV 2017.

Karen Brown
United States Bankruptcy Judge