**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GARRISON MUNICIPAL PARTNERS, LP** | § | **Case No. 14-32867** |
| | § | **(Chapter 7)** |
| **DEBTOR.** | § | |
| | § | |

**NINTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DIAMOND McCARTHY LLP, AS GENERAL COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR THE PERIOD APRIL 1, 2017 THROUGH DECEMBER 31, 2018**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

## SUMMARY OF FEE APPLICATION

| | | |
|---|---|---|
| Name of Applicant: | Diamond McCarthy LLP | |
| Authorized to Provide Professional Services to: | General Counsel to Rodney D. Tow, Chapter 7 Trustee | |
| Indicate whether this is an interim or final application: | Interim | |
| Date Order of Appointment signed: | May 26, 2014 | |
| | Beginning of Period | Ending of Period |
| Total period covered in application | 04/01/2017 | 12/31/2018 |
| Time periods covered by any prior applications | 10/15/2014 | 03/31/2017 |
| Total amounts awarded in all prior applications | | $349,295.88 |
| Amount of retainer received in the case | | $0.00 |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | | $399,103.00 |
| Total professional fees requested in this application | | $55,907.00 |
| Total professional hours covered by this application | | 160.7 |
| Average hourly rate for professionals | | $347.90 |
| Total paraprofessional hours covered by this application | | 25.7 |
| Average hourly rate for paraprofessionals | | $220.00 |
| Reimbursable expenses sought in this application | | $3,012.24 |
| Application Cost | | $0.00 |
| Total of other payments paid to Secured Claimants | | $15,000.00 |
| Total of other payments paid to Administrative Claimants | | $914,751.26 |
| Estimated Total for distribution to Priority Unsecured Creditors | | n/a |
| Expected % dividend to be paid to Priority Unsecured Creditors | | n/a |
| Estimated total for distribution to General Unsecured Creditors | | $533,063.33[1] |
| Expected % dividend to be paid to General Unsecured Creditors | | 100% |
| Expected amount to be paid to all pre-petition creditors | | unknown |
| Receipts to date | | unknown |
| Disbursements to date | | $1,447,814.59 |
| Current balance in the Trustee's accounts | | $487,350.13 |

[1] The Court entered an order [ECF No. 295] permitting the Trustee to make an interim distribution in the aggregate amount of $533,063.33 to satisfy all of the general unsecured creditor claims in the bankruptcy case. Other than payment of administrative expenses, the remaining distributions in this case will be to the equity interest holders.

## INDEX OF EXHIBITS

Exhibit A        Diamond McCarthy's Timekeepers and Billing Rates

Exhibit B        Diamond McCarthy's Professionals' Biographies

Exhibit C        Summary of Time Expended by Timekeepers and Categories

Exhibit C-1     Matter 11: Case Administration Invoices

Exhibit C-2     Matter 14: Adversary Proceedings and Litigation Claim Objection Invoices

Exhibit C-3     Matter 15: Fee Application Invoices

TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:

Diamond McCarthy LLP ("Diamond McCarthy"), general counsel to Rodney D. Tow, the chapter 7 trustee (the "Trustee") of the estate of Garrison Municipal Partners, L.P. (the "Debtor" or the "Partnership"), hereby submits this Ninth Application for Allowance of Compensation and Reimbursement of Expenses (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2016-1, seeking the entry of an order granting interim allowance of compensation for professional services rendered in connection with the Debtor's chapter 7 case (the "Chapter 7 Case") and out-of-pocket expenses incurred in connection therewith during the period from April 1, 2017 through and including December 31, 2018 (the "Application Period"). In support of the Application, Diamond McCarthy respectfully represents as follows:

## I.   <u>JURISDICTION</u>

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Southern District of Texas, dated as of May 24, 2012.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.      The Court has authority to grant the relief requested in this Application pursuant to Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## II.    **BACKGROUND**

A.    **The Debtor**

3.    The Debtor is a limited partnership organized in February 2008 under the laws of the State of Texas.  The primary objective of the Debtor was to invest in the municipal bond market.

4.    CMG Management, LP ("CMG Management") is the general partner of the Debtor and is a Texas limited partnership organized and doing business in Houston, Texas.

5.    Garrison Capital Management, LLC ("Garrison Capital Management") is the general partner of CMG Management and is a limited liability company.  Garrison Capital Management is a manager-managed company.

6.    Prior to May 22, 2014 (the "Petition Date"), Charles Monroe Garrison ("Monroe Garrison") was the sole manager of Garrison Capital Management.  Monroe Garrison owned 95.5% of Garrison Capital Management.  In that capacity, Mr. Garrison controlled the general partner of the Debtor.  The general partner of the Debtor in turn controlled the operations and investment strategies of the Debtor.

B.    **Events Leading to Bankruptcy**

7.    When the Partnership commenced on or about February 2008, the Partnership raised an amount in excess of $23 million from investors (the "Investors").  The Partnership conducted most of its investment trading activities with two prime brokers, Deutsche Bank Alex. Brown ("Deutsche Bank") and Merrill Lynch (and also at Morgan Stanley Smith Barney LLC ("Morgan Stanley")), pursuant to agreements with these two brokers.  Through the use of margin accounts, the Partnership borrowed approximately $27,000,000.00 in 2008, such that at the end of 2008, the Partnership invested approximately $50,000,000.00 in bonds.

8.      Between February 2008 and the Petition Date, Monroe Garrison managed the funds of the Partnership.  Investors became limited partners by investing in the Partnership through various subscription agreements.  Certain Investors made redemption calls and withdrew from the Partnership between February 2008 and the Petition Date.

9.      A series of events unfolded starting in 2012 and through 2013 that affected the Partnership.  First, Gregory Mount, the Chief Financial Officer of the Debtor, resigned at the end of 2012.  Second, Mr. Mount reported certain irregularities in the way Monroe Garrison conducted the business of the Debtor to the Texas Securities Board in 2013.  Third, the Debtor's auditors LaPorte CPAs and Business Advisors withdrew certain of their audited financial statements for the Partnership.  Fourth, certain limited partners/investors commenced a lawsuit entitled *J. P. Bryan and Margaret Vonder Hoya v. Garrison Municipal Partners, LP, CMG Management, LP, General Partner, and Charles Monroe Garrison*, Case No. 2013-63132, in the District Court of Harris County, Texas, 164th Judicial District (the "Investor Suit").  The Investor Suit alleges that Monroe Garrison placed the Plaintiffs in unsuitable and illiquid investments and charged excessive management and performance fees.  Fifth, disputes arose over efforts by Investors to redeem their interests.

10.     The Partnership retained financial advisors, a new accounting firm, and a law firm to defend the Partnership, CMG Management, Garrison Capital Management and Monroe Garrison in the Investor Suit.  The costs of all these efforts were mounting and were funded from the remaining assets in the Partnership.

## C.      Bankruptcy and Appointment of Trustee

11.     On the Petition Date, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

12.     In the Schedule of Assets and Liabilities, the Debtor disclosed it had personal property in the amount of $8,310,510.50 and two secured creditors with total claims in the amount of $6,195,627.00.   In the Statement of Financial Affairs, the Debtor disclosed claims against third parties, accountants and investors.   These claims range from breach of contract, return of over-distribution to limited partners, and malpractice against accountants.

13.     After the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly-qualified and acting Chapter 7 trustee of the Debtor's estate (the "Debtor's Estate").

**D.     Retention of Counsel for the Trustee**

14.     The Trustee filed his Application for Authority to Employ Diamond McCarthy LLP as General Counsel to the Trustee Pursuant to Section 327(a) of the Bankruptcy Code on June 5, 2014 ("General Counsel Application") [Dkt. No. 10].

15.     As set forth in the General Counsel Application, the Trustee retained Diamond McCarthy to act as his general counsel because the firm has significant experience in efficiently analyzing complex financial arrangements, investigating schemes involving allegations of fraud, understanding how to approach such situations to maximize recovery, and representing fiduciaries in recovering assets transferred to third-parties prior to bankruptcy.

16.     In this case, Diamond McCarthy is assisting the Trustee with fulfilling his duties under Section 704 of the Bankruptcy Code, by performing the following services:

(a)     collecting and reducing to money the property of the Debtor's estate;

(b)     assisting the Trustee in accounting for all property received;

(c)     investigating the financial affairs of the Debtor;

(d)     if a purpose would be served, examining proofs of claim and objecting to the allowance of any claim that is improper;

(e)  unless the Court orders otherwise, furnishing such information concerning the Debtor's estate and its administration as is requested by a party in interest; and

(f)  when appropriate, assisting the Trustee in drafting a final report and filing a final accounting of the administration of the Debtor's estate with the Court and with the United States Trustee.

17.  On June 16, 2014, the Court entered its order granting the relief requested in the Trustee's General Counsel Application, effective as of May 26, 2014 (the "General Counsel Order") [Dkt. No. 22].

18.  Diamond McCarthy has no agreement or understanding with any other entity for the sharing of compensation to be received for services rendered in connection with the case.

**E.    Payments Received by Diamond McCarthy LLP**

19.  Pursuant to the General Counsel Application and the engagement agreement, the Trustee did not provide a retainer to Diamond McCarthy.

20.  On October 15, 2014, Diamond McCarthy filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period May 26, 2014 through September 30, 2014 (the "First Application") [Dkt. No. 62].

21.  On November 13, 2014, the Court entered its Order Approving First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period May 26, 2014 Through September 30, 2014 (the "First Order") [Dkt. No. 69].

22.  Pursuant to the First Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $155,153.36, consisting of professional fees of $154,259.50 and out-of-pocket expenses of $893.86.

23.     On May 1, 2015, Diamond McCarthy filed its Second Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period October 1, 2014 through January 31, 2015 (the "Second Application") [Dkt. No. 130].

24.     On June 25, 2015, the Court entered its Order Approving Second Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period October 1, 2014 through January 31, 2015 (the "Second Order") [Dkt. No. 156].

25.     Pursuant to the Second Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $75,613.37, consisting of professional fees of $71,259.00 and out-of-pocket expenses of $4,354.37.

26.     On November 20, 2015, Diamond McCarthy filed its Third Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period February 1, 2015 through May 31, 2015 (the "Third Application") [Dkt. No. 179].

27.     On December 8, 2015, the Court entered its Order Approving Third Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period February 1, 2015 through May 31, 2015 (the "Third Order") [Dkt. No. 184].

28.     Pursuant to the Third Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $31,480.82, consisting of professional fees of $26,541.00 and out-of-pocket expenses of $4,939.82.

29.     On November 20, 2015, Diamond McCarthy filed its Fourth Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period June 1, 2015 through September 30, 2015 (the "Fourth Application") [Dkt. No. 180].

30.     On December 8, 2015, the Court entered its Order Approving Fourth Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period June 1, 2015 through September 30, 2015 (the "Fourth Order") [Dkt. No. 183].

31.     Pursuant to the Fourth Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $16,612.3, consisting of professional fees of $16,554.00 and out-of-pocket expenses of $58.30.

32.     On July 6, 2016, Diamond McCarthy filed its Fifth Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period October 1, 2015 through January 31, 2016 (the "Fifth Application") [Dkt. No. 201].

33.     On July 28, 2016, the Court entered its Order Approving Fifth Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period October 1, 2015 through January 31, 2016 (the "Fifth Order") [Dkt. No. 209].

34.     Pursuant to the Fifth Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $5,360.00.

35.     On July 6, 2016, Diamond McCarthy filed its Sixth Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the

Chapter 7 Trustee, for the Period February 1, 2016 through May 31, 2016 (the "Sixth Application") [Dkt. No. 202].

36.     On July 28, 2016, the Court entered its Order Approving Sixth Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, As General Counsel for the Chapter 7 Trustee, for the Period February 1, 2016 through May 31, 2016 (the "Sixth Order") [Dkt. No. 210].

37.     Pursuant to the Sixth Order, the Court awarded interim compensation to Diamond McCarthy in the total amount of $10,350.00.

38.     On December 28, 2016, Diamond McCarthy filed its Seventh Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period June 1, 2016 through September 30, 2016 (the "Seventh Application") [Dkt. No. 230].

39.     On January 25, 2017, the Court entered its Order Approving Seventh Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, as General Counsel for the Chapter 7 Trustee, for the Period June 1, 2016 through September 30, 2016 (the "Seventh Order") [Dkt. No. 233].

40.     Pursuant to the Seventh Order, the Court awarded interim compensation and reimbursement of expenses to Diamond McCarthy in the total amount of $33,985.06.

41.     On June 19, 2017, Diamond McCarthy filed its Eighth Interim Application for Allowance of Compensation and Reimbursement of Expenses, as General Counsel for the Chapter 7 Trustee, for the Period October 1, 2016 through March 31, 2017 (the "Eighth Application") [Dkt. No. 256].

42.     On August 24, 2017, the Court entered its Order Approving Eighth Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP, as General Counsel for the Chapter 7 Trustee, for the Period October 1, 2016 through March 31, 2017 (the "Eighth Order") [Dkt. No. 269].

43.     Pursuant to the Eighth Order, the Court awarded interim compensation and reimbursement of expenses to Diamond McCarthy in the total amount of $20,740.97.

44.     This is Diamond McCarthy's ninth interim request for allowance and payment of fees and expenses.

**F.     Means to Pay Administrative Expenses**

45.     To fund the ongoing administration of the Debtor's estate, the Trustee presently holds cash from the liquidation of the securities portfolios at Deutsche Bank and Morgan Stanley.   At this time, the Trustee anticipates having sufficient funds to pay ongoing administrative costs, including professional fees.

46.     The Trustee is relatively certain that there will ultimately be sufficient assets in the Debtor's estate to satisfy all allowed administrative claims in full.

### III.     RELIEF REQUESTED

47.     Diamond McCarthy has made every effort to ensure that the Application complies with the Local Rules for the Southern District of Texas and has been prepared in accordance with the *United States Trustee Appendix A—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, dated May 17, 1996 (the "Guidelines").

48.     By this Application, Diamond McCarthy seeks the entry of an order granting (a) interim allowance of compensation for the professional services rendered by Diamond McCarthy

as general counsel to the Trustee during the Application Period in the amount of $61,561.00, representing 186.4 hours in attorney and paraprofessional services, and (b) reimbursement of actual and necessary expenses incurred by Diamond McCarthy during the Application Period in the amount of $3,012.24.

### IV.   NATURE AND EXTENT OF SERVICES PROVIDED BY APPLICANT

49.    Diamond McCarthy has maintained detailed written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Trustee. Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Diamond McCarthy's practice.  Diamond McCarthy's hourly billing rates, as set out in Exhibit A, are the rates Diamond McCarthy regularly charges its hourly clients.   As demonstrated by Exhibit B, Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities.  The individual time records were recorded by the attorney or paraprofessional who rendered the described service. Attached hereto as Exhibits C-1 through C-3 are copies of the actual time records maintained by Diamond McCarthy, along with summaries of the number of hours worked and the total charges of Diamond McCarthy, separated into individual categories of services rendered during the Application Period.

50.    In addition to the requirement that a description of the general services rendered by a professional be provided in a fee application, the Guidelines require that applications for compensation should include:

> A description of the project, its necessity and benefit to the estate .
> . . identification of each person providing services on the project;
> and a statement of the number of hours spent and the amount of

compensation requested for each professional and paraprofessional on the project.

51.     Accordingly, Diamond McCarthy established separate billing categories for use in its representation of the Trustee.  These distinct, numbered project billing categories enabled Diamond McCarthy to monitor its activities and appropriately account for the time expended by each professional and paraprofessional in each category.  The billing records attached as Exhibits C-1 through C-3 reflect the following segregation of services rendered by billing categories:

| | |
|---|---|
| 0011 | Case Administration |
| 0014 | Adversary Proceedings and Litigating Claim Objections |
| 0015 | Fee Applications |

52.     Diamond McCarthy further accounted for the time expended within the various categories by delineating the amount of time expended by task.  This procedure enabled Diamond McCarthy to better inform the Trustee, the Court, and the United States Trustee regarding the nature of the services provided and time expended by its professionals.

53.     To streamline and control legal fees and expenses, Diamond McCarthy has sought to minimize the expenditure of time by its senior partners by delegating responsibilities to junior partners, associates and other paraprofessional employees, as appropriate.  The blended hourly rate of all Diamond McCarthy professionals and paraprofessionals who provided services during the Application Period is $330.26.

54.     Set forth below is a summary description, by project billing category, of the services rendered by each Diamond McCarthy professional.  The specific tasks undertaken by Diamond McCarthy, the number of hours devoted, and the amounts charged by each professional or paraprofessional within each billing category are also set forth below, and are detailed in the work records attached hereto as Exhibits C-1 through C-3.

A.  **Case Administration – Matter 11**

55.     The total hours and amounts charged by Diamond McCarthy professionals and paraprofessionals to Matter 11 are 107.8 hours, representing $33,311.00 in fees.  Such amount is summarized below:

| Timekeeper | Role | Date of First Admission | Billing Rate | Hours | Fees |
|---|---|---|---|---|---|
| Charles M. Rubio (CRM) | Partner | 3/5/2008 | $420.00 | 1.5 | $     712.50 |
| Charles M. Rubio (CRM) | Partners | 3/5/2008 | $475.00 | 13.7 | $  5,754.00 |
| Frances Ellenbogen (FE) | Associate | 9/26/2013 | $295.00 | 81.4 | $24,013.00 |
| Frances Ellenbogen (FE) | Associate | 9/26/2013 | $325.00 | 3.5 | $  1,137.50 |
| Alyson Fillers (AF) | Paralegal | N/A | $220.00 | 2.5 | $     550.00 |
| Catherine Burrow (CAB) | Paralegal | N/A | $220.00 | 4.6 | $  1,012.00 |
| Adam R. Rodriguez (ARR) | Paralegal | N/A | $220.00 | 0.6 | $     132.00 |
| **Totals** | | | | **107.8** | **$33,311.00** |

56.     The Case Administration billing category includes all professional services related to the general representation of the Trustee.  This category includes the following types of professional services:

- preparing, filing, and obtaining approval of a settlement prepetition claims with Andrews & Kurth;

- analyzing issues relating to disputes with limited partners of the Debtor; and

- preparing, filing, and prosecuting objections to equity claims of limited partners of the Debtor.

57.     While efforts were undertaken to allocate time reported in this category to other distinct categories, there may remain some identifiable services within the time records under the Case Administration billing category that could have been allocated to other categories of services.

**B.**     **Adversary Proceeding & Litigation Claim Objection - Matter 14**

58.     The total hours and amounts charged by each Diamond McCarthy professional to

Matter 14 are 63.0 hours, representing $23,008.00 in fees.  Such amount is summarized below:

| Timekeeper | Role | Date of First Admission | Billing Rate | Hours | Fees |
|---|---|---|---|---|---|
| Charles M. Rubio (CRM) | Partner | 3/5/2008 | $420.00 | 23.9 | $10,038.00 |
| Charles M. Rubio (CRM) | Partner | 3/5/2008 | $475.00 | 13.4 | $ 6,365.00 |
| Frances Ellenbogen (FE) | Associate | 9/26/2013 | $295.00 | 8.9 | $ 2,625.50 |
| Robert J. Shannon (RJS) | Associate | 12/2013 | $325.00 | 2.7 | $    877.50 |
| Catherine Burrow (CAB) | Paralegal | N/A | $220.00 | 14.1 | $ 3,102.00 |
| **Total** | | | | **63.0** | **$23,008.00** |

59.     Diamond McCarthy professionals served the Trustee in advising on the settlement

of adversary proceedings and other litigation claims. The category includes the following types

of professional services:

- preparing, filing and prosecuting objections to claims on behalf of the Trustee;

- preparing for and attending mediation with the Debtor's investor group;

- preparing, filing, and obtaining approval of a claim settlement with Southwest Securities; and

- preparing and filing appellate documents on behalf of the Trustee in the claim objection appeal filed by the Green claimants.

**C.**     **Fee Applications - Matter 15**

60.     The total hours and amounts charged by each Diamond McCarthy professional to

Matter 15 are 15.6 hours, representing $5,242.00 in fees.  Such amount is summarized below:

| Timekeeper | Role | Date of First Admission | Billing Rate | Hours | Fees |
|---|---|---|---|---|---|
| Charles M. Rubio (CMR) | Partner | 3/5/2008 | $420.00 | 6.4 | $ 2,688.00 |
| Michael Fritz (MDF) | Associate | 11/2/2012 | $320.00 | 5.3 | $ 1,696.00 |
| Catherine Burrow (CAB) | Paralegal | N/A | $220.00 | 3.9 | $   858.00 |
| **Total** | | | | **15.6** | **$ 5,242.00** |

61.     Diamond McCarthy professionals served the Trustee and the estate by preparing, filing, and obtaining approval of the Eighth Interim Fee Application of Diamond McCarthy, general counsel to the Trustee.

**D.     Disbursements for Out-of-Pocket Expenses**

62.     Diamond McCarthy requests allowance and reimbursement in the amount of $3,012.24 for reasonable, actual and necessary out-of-pocket expenses incurred while rendering professional services on behalf of the Chapter 7 Trustee during the Application Period.

63.     Expenses incurred by Diamond McCarthy are set forth in detail on Exhibits C-1 through C-3 and can be summarized as follows:

| | |
|---|---|
| Internal Duplicating (1,385 copies @ .20) | $  277.00 |
| Outside Duplicating – at cost | $  430.55 |
| Postage and Delivery Services (Local and Overnight) – at cost | $  227.48 |
| Transcripts | $  133.10 |
| Online Research (Westlaw/Lexis/PACER) – at cost | $1,944.11 |
| **TOTAL** | **$3,012.24** |

64.     Diamond McCarthy submits that all expenses incurred during the Application Period were reasonable and necessary, are sought in compliance with the Guidelines, and should be allowed on an interim basis by the Court.  Copies of all third-party invoices in excess of $100.00 are available upon request.

## V.      STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION

65.      Section 330 of the Bankruptcy Code authorizes the Court to award Diamond McCarthy reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering services as general counsel to the Trustee.  Section 330 provides:

> (a)(1)   After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:

> (A)      reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

> (B)      reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

66.      Section 331 of the Bankruptcy Code authorizes the Court to award compensation on an interim basis as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

67.      This Application substantiates the total amount that Diamond McCarthy seeks for fees and expenses in accordance with each element of the customary standards applied to fee

applications.  These standards are set forth in (i) Rule 2016 of the Federal Rules of Bankruptcy

Procedure, and (ii) *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert.*

*denied*, 431 U.S. 904 (1977).

68.     In *First Colonial*, the Fifth Circuit adopted twelve factors to apply to the

determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required;

(ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service

properly; (iv) the preclusion of other employment by the professional due to acceptance of the

case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations

imposed by the client or the circumstances; (viii) the amount involved and the results obtained;

(ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case;

(xi) the nature and length of the professional relationship with the client; and (xii) awards in

similar cases.  *First Colonial*, 544 F.2d at 1298-99.  These factors were taken from *Johnson v.*

*Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case,

and are commonly referred to as the "*Johnson* factors."  The original *Johnson* factors, as

embraced by *First Colonial*, remain applicable to the determination of reasonableness of fees

awarded under the Bankruptcy Code.  15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330-35 to

330-41.  A majority of the *Johnson* factors are now codified under Bankruptcy Code Section

330(a).  *Id.*  The following analysis of the *First Colonial* factors support the reasonableness of

Diamond McCarthy's requested fees and expenses:

> (i)     Time and labor required. The professional services rendered by Diamond
> McCarthy on behalf of the Trustee have required the expenditure of time
> and effort to administer the Debtor's estate, analyze claims held by the
> Debtor's estate and the settlement of those claims, and analyze Trustee's
> objections to the proofs of claims filed by the Debtor's former
> management pursuant to § 510 of the Bankruptcy Code. Exhibit C to this
> Application contains copies of Diamond McCarthy's time entries by
> category from October 1, 2016 through March 31, 2017, and set forth in

detail all the time for which compensation is sought, as well as the specific services performed by each of the professionals in connection with the services.

(ii) <u>Novelty and Difficulty of Legal Problems Involved.</u>  This *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by Diamond McCarthy in representing the Trustee.  Diamond McCarthy has faced a number of difficult and complex legal issues, <u>to wit</u>:

- analyzing the cash distributions made by partners of the Debtor in the four-year period prior to the Petition Date;

- researching and analyzing Trustee's ability to object to the proofs of claims filed by the Debtor's former management and the defenses raised including indemnification obligations under the Debtor's governance documents;

- preparing a complaint to avoid and recover transfers made by the Debtor to the Debtor's prepetition law firm; and

- advising the Trustee on settlement structures to resolve the Debtor's estate's litigation against the Debtor's former auditor, and addressing related claims brought by the Debtor's owner.

(iii) <u>The skill requisite to perform the legal services properly.</u> The number of difficult issues and matters addressed in this case required a high degree of skill and expertise. Diamond McCarthy's attorneys have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Trustee.

A thorough understanding of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure was blended with business expertise to administer the Debtor's estate, analyze claims held by the Debtor's estate, and analyze Trustee's objections to the proofs of claims filed by the Debtor's former management. The compensation requested by Diamond McCarthy is consistent with the compensation awarded in other cases of similar size and complexity.

(iv) <u>Preclusion of other employment due to the acceptance of this case</u>.  Due to the size of Diamond McCarthy's financial restructuring department and the firm as a whole, Diamond McCarthy's representation of the Trustee has precluded the attorneys from devoting time to other cases and new matters.

(v) <u>Customary Fee</u>.  Diamond McCarthy's hourly billing rates, as set out in Exhibit A, are the rates Diamond McCarthy regularly charges its hourly

clients.  The hourly rates charged by Diamond McCarthy are lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this community, as well as those rates charged regionally and nationally.  Additionally, the hourly rates charged by Diamond McCarthy are consistent with the amount involved in this case, the results obtained by Diamond McCarthy, and the level of skill necessary to perform the work.  Accordingly, the fees charged by Diamond McCarthy are reasonable and customary.

Diamond McCarthy has coordinated with the Trustee and the Trustee's other professionals to avoid duplication of services and to minimize fees and expenses to the Debtor's estate.

No agreement exists between Diamond McCarthy and any other person, firm or entity for division or sharing of compensation in this case.

(vi)     <u>Whether the fee is fixed or contingent</u>. Diamond McCarthy charges customary hourly rates, as adjusted annually, for the time expended by its attorneys and paraprofessionals in representing the Trustee. Diamond McCarthy's fee is not outcome dependent.

(vii)    <u>Time Limitations Imposed by the Client or Circumstances</u>.  Because of the time-sensitive nature of some of the matters arising in the case, Diamond McCarthy attorneys had to devote time to this case in the evenings and on weekends.

(viii)   <u>The amount of time involved and the results obtained</u>. Diamond McCarthy's actions in this case have assisted the Trustee in efficiently fulfilling his obligations under the Bankruptcy Code. The requested compensation is reasonable in view of the time expended, the parties involved, and the results obtained in the case to date.

(ix)     <u>The experience, reputation and ability of the professionals who performed virtually all of the services in the case</u>. Diamond McCarthy's attorneys, over many years, have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and committees.  Further, partners of Diamond McCarthy have for many years actively participated in leadership positions in local, state and national bar associations, and have written for local and national publications and spoken at local, state and national institutes for continuing legal education in the creditors' rights and bankruptcy areas. As demonstrated by Exhibit B, Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities.  Furthermore, Diamond McCarthy has particular experience in the areas of complex insolvency, workout and corporate reorganization.

(x)    <u>Nature and Length of Professional Relationship with Client</u>.  Diamond McCarthy has represented Mr. Tow as chapter 7 trustee in several other bankruptcy cases spanning a period of over ten years.

(xi)    <u>The undesirability of the case</u>.  The Debtor's chapter 7 case is not undesirable but, as already indicated, required a significant commitment of time from many Diamond McCarthy attorneys.

(xii)    <u>Awards in similar cases</u>.  The compensation requested in this case is comparable to, if not less than, the compensation allowed in other cases of the size and complexity of this case.

## VI.   <u>CONCLUSION</u>

WHEREFORE, Diamond McCarthy respectfully requests (a) interim allowance of compensation for professional and paraprofessional services rendered as counsel to the Trustee during the Application Period in the amount of $64,573.24; and (b) interim allowance of the amount of actual and necessary out-of-pocket expenses incurred in the course of providing services as counsel to the Trustee during the Application Period in the amount of $3,012.24.

Dated:  March 1, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

By: */s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D.  Fritz
TBA No. 24083029
mfrtiz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone:  713-333-5100
Facsimile:  713-333-5199

*GENERAL COUNSEL FOR   RODNEY D. TOW, CHAPTER 7 TRUSTEE*

## **CERTIFICATE OF SERVICE**

       I certify that on March 1, 2019, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) transmitted to the parties listed on the attached Service List as indicated within one business day of filing by U.S. Mail First class postage prepaid.   A courtesy copy was also hand-delivered to the U.S. Trustee and the Court's Case Manager.

*/s/ Charles M. Rubio*
Charles M. Rubio

C. Monroe Garrison
Garrison Municipal Partners, LP
1707 Post Oak Blvd #163
Houston, TX 77056

Sunny Hudson
Deutsche Bank
5021 Gate Parkway
Jacksonville, Florida 32256

Morgan Stanley
222 Catoctin Circle SE Suite 101
Leesburg, VA 20175-3730

Thomas Dudley
Senior Vice President
222 Catoctin Circle SE Suite 101
Leesburg, VA 20175-3730

Philip Dudley
Vice President
222 Catoctin Circle SE Suite 101
Leesburg, VA 20175-3730

Alvarez & Marsal
1100 Walnut Street, Suite 2970
Kansas City, MO 64106-2133

BDO, USA, LLP
330 North Wabash, Suite 3200
Chicago, IL 60611-7610

Colleen Deal
DLA Piper LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629

Christina Ponig
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005

SecondMarket, Inc.
Robert O'Hare Jr.
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York, NY 10005-3686

Southwest Securities, Inc.
1201 Elm Street
Suite 3500
Dallas, TX 75270-2180

J.P. Bryan
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Bryan Consolidated
1331 Lamar, Suite 1075
Houston, TX 77010-3025

J.P. & Mary Jon Bryan Foundation
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Mary Jon Bryan
1331 Lamar, Suite 1075
Houston, TX 77010-3025

Margaret Vonder Hoya
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

Margaret Vonder Hoya Trust
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

HRB Global
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

Donald J & Kay M. Green
P.O. Box 1088
Alpine, TX 79831-1088

Mike Maples, Jr.
820 Ramona Street, Suite 200
Palo Alto, CA 94301-2734

MJMJR, Ltd.
820 Ramona Street, Suite 200
Palo Alto, CA 94301-2734

Mike Maples, Sr.
8609 Navidad Dr.
Austin, TX 78735-1468

HRB Oil & Gas, Ltd.
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

Jay Steven Adelson
30 Kite Hill Lane
Mill Valley, CA 94941-1458

Robert Kevin Rose
47 N 4th Place
Brooklyn, NY 11249-3104

Patricia Thomas IRA
5735 Indian Circle
Houston, Texas 77057-1302

Elizabeth Maples
576 Hopkins Street
Menlo Park, CA 94025

MVH Grandchildren's Trust
Chris Vonder Hoya, Trustee
4311 Oak Lawn Ave., Suite 360
Dallas, TX 75219-2338

NBP 2012 Trust; Chris Vonder Hoya,
Trust
4311 Oak Lawn Ave, Suite 360
Dallas, TX 75219-2338

MLPM 2012 Trust, Chris Vonder Hoya
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

ECP 2012 Trust, Chris Vonder Hoya
4311 Oak Lawn Ave. Suite 360
Dallas, TX 75219-2338

BCVH 2012 Trust, Chris Vonder Hoya
4311 Oak Lawn Ave., Suite 360
Dallas, TX 75219-2338

MLBP Testamentary Trust; JP Bryan
1331 Lamar, Suite 1075
Houston, TX 77010-3025

C. Monroe Garrison
CMG Management, LP
1707 Post Oak Blvd #163
Houston, TX 77056

Ms. Kelly Sandill
Andrews Kurth
600 Travis, Suite 4200
Houston, Texas 77002

Mr. Greg Waller
Andrews Kurth
600 Travis
Suite 4200
Houston, Texas 77002

C. Monroe Garrison
Garrison Capital Management LLC
1707 Post Oak Blvd #163
Houston, TX 77056

Texas State Securities Board
P.O. Box 13167
Austin, TX 78711-3167

Gregory Mount
780 Clepper Street
Suite 200
Montgomery, Texas 77356

Maria Tabar
1707 Post Oak Blvd #163
Houston, TX 77056

Navshad Kermali
La Porte CPA
1770 St. James Place
Suite 250
Houston, TX 77057