UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Garrison Municipal Partners, LP | Case No. 14-32867 (EVR) |
| Debtor. | |

### DECLARATION OF CHARLES M. RUBIO IN SUPPORT OF TRUSTEE'S APPLICATION TO (I) EMPLOY PARKINS LEE & RUBIO LLP AS HIS GENERAL COUNSEL NUNC PRO TUNC TO AUGUST 1, 2020 AND (II) TERMINATE EMPLOYMENT OF DIAMOND MCCARTHY LLP

I, CHARLES M. RUBIO, make this declaration pursuant to 28 U.S.C. § 1746:

1. I am a founding partner of Parkins Lee & Rubio LLP ("PLR"), a law firm with offices in Houston, Texas and White Plains, New York.

2. I submit this declaration (the "Declaration") on behalf of PLR in support of the *Trustee's Application To (I) Employ Parkins Lee & Rubio LLP As His General Counsel Nunc Pro Tunc To August 1, 2020 And (II) Terminate Employment of Diamond McCarthy LLP* (the "Application").[1] Except as otherwise stated in this Declaration, I have personal knowledge of the matters set forth herein. To the extent any information disclosed herein requires amendment, supplement, or modification as a result of reviewing additional information that becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

**Disclosure Procedures**

3. In connection with preparing this Declaration, PLR used its customary procedures to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules regarding the retention of professionals by the Trustee under the Bankruptcy Code (the "Disclosure Procedures"). Pursuant to the Disclosure Procedures, I prepared a list of creditors and other relevant parties-in-interest (the "Known Parties In Interest"), which is attached hereto as Exhibit 1 (the "Known Parties In Interest List").

4. Under my direction, my staff ran the Known Parties In Interest List against the PLR's conflicts database. The conflicts database identifies potential conflicts and/or connection when we conduct our term search using the names of the Known Parties in Interest. I personally reviewed the results of the conflicts check.

5. In addition to the foregoing, I sent an email to every user at PLR expressly requesting that if anyone was aware of any connection or contact, in addition to any potential conflict, with any of the Known Parties in Interest, such user was to contact me identifying all connections and/or contacts.

**Disinterestedness**

6. Based on the results of the Disclosure Procedures, PLR has not identified any conflicts and/or connection with any of the Known Parties in Interest.

7. Certain of parties on the Known Parties In Interest List or their attorneys may have provided, may currently provide, and may in the future provide goods or services to PLR in matters unrelated to this bankruptcy case. To the best of my knowledge, PLR does not have any conflicts or relationships that would impair or preclude its or my ability to serve the Trustee pursuant to the Engagement Letter. PLR or I may have provided, may currently provide, or may in the future

provide professional services in matters unrelated to this bankruptcy case to certain of the creditors of the Debtor's estate, other parties-in-interest, or attorneys involved in this bankruptcy case.

8. PLR does not believe that it is a "creditor" of the Debtor within the meaning of section 101(10) of the Bankruptcy Code. Further, to the best of my knowledge, neither I nor any member of PLR serving the Trustee is a holder of any of the Debtor's debt or equity securities.

9. To the best of my knowledge, no employee of PLR is a family member or relative of any judge of the bankruptcy court for this district, the United States Trustee for this district, or their respective staffs.

10. Based on the forgoing, I believe that PLR is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and it does not represent an interest adverse to the Debtor's estate.

**Professional Services and Compensation**

11. As further described in the Application, the Trustee seeks to employ PLR to serve as his general counsel and replace Diamond McCarthy LLP.

12. As set forth in the Engagement Letter, the Trustee and PLR have agreed to the following terms of compensation and reimbursement of expenses (collectively, the "Fee and Expense Structure"):

    a) *Hourly Fees*. PLR will charge its standard hourly rates for its attorneys, paralegals and staff as set forth in the rate scheduled attached to the Engagement Letter.

    b) *Expenses*. PLR will seek reimbursement from the Debtor's estate for actual out-of-pocket expenses pursuant to the Client Expense Policy attached to the Engagement Letter.

13. The Fee and Expense Structure is consistent with, and typical of, compensation arrangements that PLR and other comparable firms enter under similar circumstances. Thus, I

believe that the Fee and Expense Structure is reasonable, market-based, and designed to fairly compensate PLR for its work in this bankruptcy case.

14. PLR intends to apply for interim and final compensation for professional services rendered, and reimbursement of expenses incurred, on behalf of the Trustee, consistent with sections 330 and 331 of the Bankruptcy Code.

**Conclusion**

15. The Application requests approval of the Trustee's retention of PLR at PLR's standard hourly rates in effect at the time the services are rendered and in accordance with PLR's standard expense reimbursement policy, subject to any modifications to such policies that PLR may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16. The foregoing constitutes the statement of PLR pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b) which is true and correct to the best of my knowledge, information, and belief.

Executed: August 31, 2020.

/s/ Charles M. Rubio
Charles M. Rubio
Partner, Parkins Lee & Rubio LLP

Exhibit 1

**Known Parties In Interest List**

Debtor

Garrison Municipal Partners, LP

Equity Holders (all creditors satisfied)

JP Bryan
Bryan Consolidated Business Interests
JP & Mary Jon Bryan Foundation
Mary Jon Bryan
Margaret Vonder Hoya
HRB Global LTD
Donald J Green
Margaret Vonder Hoya Trust
Michael J Maples, Jr.
MJMJR LTD
Michael J Maples, Sr.
HRB Oil & Gas LTD
Jay Steven Adelson
Robert Kevin Rose
Patricia Allred Thomas
Elizabeth Maples
Margaret Vonder Hoya Grandchildren's
Nathan Bright Petty 2012 Trust
Margaret Louise Petty Morris 2012 Trust

Elizabeth Carrie Petty 2012 Trust
Bradford Clay Vonder Hoya 2012 Trust
The Maples Descendants Trust
Margaret Louise Bright Petty Testamentary Trust

U.S. Trustee and Employees

Henry G. Hobbs, Jr.
Jacqueline Boykin
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Alicia McCullar
Linda Motton
Glenn Otto
Jayson B. Ruff
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Clarissa Waxton
Jana Whitworth